[Crim. No. 7655.   In Bank.   June 3, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GILBERT A. CASILLAS, Defendant and Appellant.

Frank C. Morales for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

GIBSON, C. J.—Gilbert A. Casillas petitions for relief under rule 31(a) of the California Rules of Court from a late filing of a notice of appeal.

On October 18, 1963, petitioner was sentenced for sale of narcotics, and his trial attorney informed the court that petitioner intended to appeal and promised petitioner he would file the required notice.[1] On November 4, 1963 (seven days late), the attorney had a notice of appeal delivered to the clerk of the superior court. The following day petitioner received a letter from the clerk stating that the notice of appeal had not been filed because it was received after expiration of the time for filing it. Petitioner relied upon his attorney's promise to file the notice and, until receipt of the letter from the clerk, was unaware that the notice had not been timely filed.

Rule 31(a) of the California Rules of Court relating to criminal proceedings provides: ''(a) In the cases provided by law, an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order, ... *Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late.''* (Italics added.) The italicized portions of the rule were added in 1959 and 1961.

Under the amendments to rule 31(a) it is clear that the reviewing court has jurisdiction to relieve a defendant from his failure to file a timely notice of appeal, and we must

---

[1] Another attorney represents petitioner in this proceeding.

determine whether the circumstances before us warrant exercise of that power.[2] ▮ The policy of appellate courts, of course, is to hear appeals on the merits and to avoid, where possible, forfeitures of substantial rights on technical grounds. The interest of the state that justice be done in criminal cases reinforces an appellant's claim that his appeal be considered on the merits. (See *In re Martin* (1962) 58 Cal.2d 133, 139 [23 Cal.Rptr. 167, 373 P.2d 103]; *People* v. *Aresen* (1949) 91 Cal.App.2d 26, 30 [204 P.2d 389]; Witkin, Cal. Criminal Procedure (1963) p. 681; Comment, 36 Cal.L. Rev. (1948) pp. 303, 311.) ▮ For these reasons, the power of reviewing courts under rule 31(a) should be liberally exercised to avoid loss of the right to appeal.

▮ The undisputed facts show not only that petitioner was free from fault but also that he relied upon his attorney's promise to file a notice of appeal. The licensing of an attorney is in itself a representation to the public that the licensee is possessed of some knowledge of procedure and may be expected to employ that knowledge in representing a client. (*In re Martin, supra,* 58 Cal.2d 133, 139; *Strong* v. *Mack* (1943) 58 Cal.App.2d 805, 809 [137 P.2d 748]; cf. *People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 et seq. [34 Cal. Rptr. 863, 386 P.2d 487].) The requirement that a notice of appeal be filed within 10 days after rendition of the judgment should be familiar to any attorney engaged in the criminal practice, and an attorney who agrees to file a notice of appeal assumes, of course, the obligation of filing a timely one.

We are satisfied that denial of the right to appeal is too severe a penalty to be inflicted upon defendant. The case of *In re Del Campo* (1961) 55 Cal.2d 816, 818 [13 Cal.Rptr. 192, 361 P.2d 912], is distinguishable on its facts.

Petitioner's application for relief under rule 31(a) of the California Rules of Court is granted, and the Clerk of the Superior Court of the County of Los Angeles is directed to file the notice of appeal heretofore received by him and to proceed with preparation of the record on appeal.

Traynor, J., Schauer J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.

---

[2]The rule stated in cases such as *People* v. *Lewis* (1933) 219 Cal. 410 [27 P.2d 73], with respect to a reviewing court's power to afford relief from the late filing of a notice of appeal has been abrogated by the amendments to rule 31(a).