[Crim. No. 7653. In Bank. Oct. 6, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. HOMER T. TUCKER, Defendant and Appellant.

Homer T. Tucker, in pro. per., and Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—This is a petition by Homer T. Tucker under rule 31(a) of the California Rules of Court[1] for relief from a late filing of a notice of appeal in a criminal case. This is one of a series of cases involving the proper interpretation of that rule. It has already been determined that such rule confers power on the appellate courts to grant relief from a late filing, and that such rule should be liberally interpreted so as to protect the right of appeal. (*People* v. *Casillas, ante,* pp. 344, 346 [38 Cal.Rptr. 721, 392 P.2d 521].)

Petitioner was convicted of second degree murder. He was then represented by a court-appointed attorney who did, however, receive $800 from relatives of petitioner as a fee. Petitioner was sentenced on July 14, 1963. He filed a notice of appeal on September 27, 1963, obviously late. Pursuant to rule 31(a), the superior court clerk notified petitioner

---

[1] Rule 31(a) requires that an appeal must be filed within 10 days after the rendition of judgment, and then provides: "Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

that his notice had been offered for filing late and that he could petition the appellate court for relief from default. This he has done, and this court has appointed counsel for him. Because there appeared to be a conflict between defendant and his original attorney over the pertinent facts, the Honorable Edward Henderson, Retired Judge of the Superior Court of Ventura County, was appointed as referee to determine the facts. The referee was directed to hold a hearing and to submit answers to the following two questions:

"1. Within 10 days of rendition of judgment, what, if anything, did Tucker state to the attorney who represented him at the trial with regard to an appeal?

"2. Within the 10-day period, what, if anything, did the attorney say or do with regard to an appeal?"

The referee, in answer to the first question, found that: "Judgment was pronounced upon defendant on July 14, 1963. On July 16th, 1963, at the interview room of Alameda County Jail, the defendant stated to the attorney then representing him that he wanted to appeal his case." In answer to the second question the referee found that at that time and place "the attorney then representing defendant stated she would appeal his case although no grounds for appeal were disclosed by the record. During the balance of the ten-day period his trial lawyer failed to either inform him of the requirement of filing a sufficient notice of appeal or to do anything further in the prosecution of the appeal."

These findings are based on the following record. The petitioner testified that within a couple of days after his conviction he had a conference with his then attorney, and requested her to appeal, and that she promised to do so. For a time petitioner believed that such an appeal had been taken, and did not find out that such was not the fact until September of 1963. In that month he wrote to his attorney in reference to securing transcripts. Under date of September 12, 1963, the attorney responded, somewhat ambiguously, that it would cost several hundred dollars for such transcripts, and that it was the opinion of the attorney that there were no valid grounds for an appeal. The letter concluded that if defendant wanted to appeal he should request the appellate court to appoint counsel.

 Of course, in a criminal case, on a proper appeal, a defendant is not required to pay for a transcript. (*People* v. *Smith*, 34 Cal.2d 449, 453 [211 P.2d 561].) This rule, however, would not seem to be applicable where the time for ap-

peal has expired, and relief has not been granted under rule 31(a). (Cf. 33 State Bar J. 488, 497-499.)

The attorney involved, by letter to the Attorney General and by her testimony before the referee, denied that petitioner had requested her to file an appeal, claimed that in the conference referred to above there had been no mention of an appeal, and that she did nothing to imply that she would file an appeal. In her letter to the Attorney General she stated that if petitioner was willing to waive the attorney-client privilege she could produce records to justify her position.

██ Of course, the rule as to privileged communications does not exclude evidence as to the instructions or authority given by the client to his attorney. (*Henshall* v. *Coburn*, 177 Cal. 50, 54 [169 P. 1014]; *Pacific Tel. & Tel. Co.* v. *Fink*, 141 Cal. App.2d 332, 335 [296 P.2d 843]; *Fleschler* v. *Strauss*, 15 Cal. App.2d 735, 739 [60 P.2d 193]; see also Witkin, Cal. Evidence, § 419, p. 469.) The referee properly so ruled at the hearing, but no such records were produced.

It is true that the evidence is conflicting. The referee determined such conflict in favor of petitioner. ██ The referee's findings are based on substantial and convincing evidence. Such findings are, of course, not binding on this court, but they are entitled to great weight. (*In re Riddle*, 57 Cal.2d 848, 853 [22 Cal.Rptr. 472, 372 P.2d 304], and cases there cited.) We have independently reviewed the record. Such review impels the conclusion that the referee's findings should be adopted as the findings of this court, and they are so adopted.

██ Should this court, under such findings, exercise the jurisdiction conferred by rule 31(a) and grant the relief requested? We think these questions should be answered in the affirmative.

In the *Casillas* case, *supra*, *ante*, p. 344, it was held not only has an appellate court, under proper circumstances, jurisdiction to grant relief in such cases, but that the power to so act should be liberally exercised to avoid, if possible, the loss of the right to appeal. The case stands for the proposition that when an attorney agrees, within the 10-day period, to appeal, and does not do so, and the defendant is free of fault, relief should ordinarily be granted.

This proposition is sound. The whole problem relates to the right to counsel, the duties of counsel, and the rights, particularly, of indigents. A court-appointed lawyer, as well as others, frequently withdraws from the case upon conviction

and sentence. The appellate courts do not appoint counsel until the record on appeal is filed. Thus, in many cases, there is a break in continuity of representation not only during the critical 10 days in which the notice of appeal must be filed but until the record is filed in the appellate court. The fact that such a system may impair a defendant's rights was recognized by Mr. Justice Goldberg in his concurring opinion in *Hardy* v. *United States*, 375 U.S. 277, 282 [84 S.Ct. 424, 428, 11 L.Ed.2d 331, 337] (three other justices concurred). (See also Report of the Attorney General's Committee on Poverty and the Administration of Federal Criminal Justice (Feb. 25, 1963) p. 100.)

It seems quite clear that, regardless of the technical legal status of the trial attorney after conviction, a defendant who desires to appeal is entitled to protection during this vital 10-day period. Although the act of filing a notice of appeal is purely mechanical, its timely performance is vital. Help to an uninformed client in such circumstances is indispensable. If a defendant asks his attorney to appeal, and the latter agrees but fails to do so, even if his lawyer feels such an appeal would lack merit, the defendant is entitled to protection. (*Lane* v. *Brown*, 372 U.S. 477 [83 S.Ct. 768, 9 L.Ed.2d 892].)

Under the findings a denial of the right to appeal would present serious constitutional problems. Doubts should be resolved in favor of the right to appeal. The court, whenever possible, should exercise the jurisdiction conferred upon it by rule 31(a), and grant relief, as a matter of policy, from the late filing of the notice. The right to counsel and the right to appeal being of such importance, it would seem to be reasonable, where a defendant requests his trial counsel to file a notice of appeal, to expect the attorney to take some action, and not to ignore the request. The attorney, in a proper case, may tell his client that, in his opinion, such an appeal would lack merit, but, unless the client abandons his request, the attorney should be under a duty to file such a notice, to secure other counsel, or to instruct the defendant as to the proper procedure. In the absence of such action, there being no grounds for an estoppel, relief should be granted. In the present case, petitioner's counsel promised to appeal, but took no steps to protect defendant, and there are no grounds for an estoppel. Therefore, petitioner is entitled to relief.

Petitioner's application for relief under rule 31(a) is granted, and the Clerk of the Superior Court of Alameda

County is directed to file the notice of appeal heretofore received by him and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek J., and Schauer, J.,* concurred.

_____

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.