[Crim. No. 7742.   In Bank.   Oct. 15, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. WALLACE LANE JOHNSON, Defendant and Appellant.

Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—This is another in the series of cases involving the proper interpretation and application of rule 31(a)[1] of the California Rules of Court. Two cases involving these problems have already been decided. (*People* v. *Casillas, ante,* p. 344 [38 Cal.Rptr. 721, 392 P.2d 521]; *People* v. *Tucker, ante,* p. 828 [40 Cal.Rptr. 609, 395 P.2d 449].) The *Casillas* case, *supra,* determined that, in a proper case, rule 31(a) confers the power on an appellate court to grant relief from a late filing of the notice of appeal in a criminal case, and that such power should be liberally exercised so as to protect the right of appeal. The *Tucker* case, *supra,* held that where the defendant, during the 10-day period in which the notice should be filed, tells his trial attorney that he desires to appeal, and the attorney states that he will do so but does not, and there are no grounds for waiver or estoppel, the court should grant relief.

The facts of this case bring it within the rule of the *Tucker* case, *supra.* Petitioner was convicted of robbery and sentenced on June 8, 1962. He was then, and during his trial, represented by a deputy public defender from Los Angeles County. The referee appointed by this court to ascertain the facts, the Honorable Edward Henderson, Retired Judge of the Superior Court of the County of Ventura, found that on the day judgment was rendered, "the defendant stated to the attorney who then represented him, that he wanted to appeal the case and win it if he had to go all the way because he got a miscarriage of justice." The referee also found that on

[1]That rule requires that an appeal must be filed within 10 days after rendition of the judgment, and then provides:

"Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

that same day ''the attorney who then represented the defendant, stated that he would take care of the appeal. The said attorney failed either to file a notice of appeal or to again see or communicate with defendant or do anything further respecting his case.'' In a footnote to this finding the referee points out that the trial attorney was a public defender ''and has no recollection of making any promise to appeal the case of defendant. It was then the policy of his office to perfect and prosecute only those appeals deemed to be meritorious.''

The referee also found that the explanation of the delay in presenting the application for relief was that: ''The defendant Johnson has been continuously incarcerated in the state penitentiary since approximately two weeks subsequent to the rendition of judgment. He is an indigent without funds with which to hire a private attorney. During the interval between the date of sentence and about the month of January, 1963, the defendant relied upon the promise of his trial lawyer to take an appeal and believed that it was taken and pending. The lawyer's failure to communicate with defendant during that period finally raised a doubt in his mind whether an appeal had actually been taken. This influenced defendant to write and mail successive letters to his former lawyer, dated January 12, 1963, and April 22nd, 1963, respectively, in which he made inquiry respecting the status of his appeal. These letters remained unanswered because the former attorney was unaware of their existence or transmittal. The defendant was deprived of legal assistance or guidance from that source.

''Subsequently the illiterate defendant has been compelled to shift for himself without the benefit of counsel in an endeavor to protect his rights in the prosecution of his appeal. Further delay was occasioned by the preparation of his ineffectual petition for relief to the District Court of Appeal.''

These findings are supported by substantial and convincing evidence. The lawyer involved based his denial of having promised to appeal largely upon his inability to recollect having promised to do so, and upon the practice of his office to appeal only cases the attorney believed were meritorious. As pointed out in the *Tucker* case, *supra,* where the defendant requests that an appeal be taken, even though the attorney may feel that the appeal lacks merit, the attorney is under a positive duty to protect his client's rights.

Of course, the findings of the referee are not binding on this court, but they are entitled to great weight (*In re*

*Riddle,* 57 Cal.2d 848, 853 [22 Cal.Rptr. 472, 372 P.2d 304]). We have independently reviewed the record. Such review impels the conclusion that the referee's findings should be adopted as the findings of this court, and they are so adopted. These findings make the rule of *Tucker, supra,* applicable to the present case.

This case differs from the *Tucker* case only in that apparently petitioner proceeded directly to the appellate court for relief before first tendering a notice of appeal for filing to the superior court. This, under the facts, should not, and does not, affect his right to relief under the rule. The delay in seeking relief was satisfactorily explained.

Petitioner's application for relief under rule 31(a) is granted, and the Clerk of the Superior Court of the County of Los Angeles is directed to file the notice of appeal if the same is tendered to him not later than 10 days after this decision becomes final, and then to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., and Schauer, J.,* concurred.

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.