[Crim. No. 7654. In Bank. Nov. 17, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS NELSON FLANAGAN, Defendant and Appellant.

___

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Albert W. Harris, Jr., Robert R. Granucci and John F. Kraetzer, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—This is another in a series of cases involving the proper interpretation and application of rule 31(a) of the California Rules of Court.[1] Several cases have already been decided involving the general problem (*People* v. *Casillas,* 61 Cal.2d 344 [38 Cal.Rptr. 721, 392 P.2d 521]; *People* v. *Tucker,* 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 449]; *People* v. *Johnson,* 61 Cal.2d 843 [40 Cal.Rptr. 708, 395 P.2d 668]).

The facts of this case bring it within the rules announced in those cases.

Petitioner was sentenced for second degree murder on July 19, 1963, after a trial without a jury. He was represented during the trial by attorney Bernard W. Minsky, who had been retained and partially compensated by the two sisters

---

[1]That rule requires that an appeal must be filed within 10 days after rendition of the judgment, and then provides:

"Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

of petitioner. No notice of appeal was filed within the 10-day period provided by rule 31(a). In September of 1963 petitioner first discovered that an appeal had not been filed and in October 1963 petitioner attempted to file a late notice of appeal. He now seeks permission to file that late notice under rule 31(a).

The referee appointed by this court to ascertain the facts, the Honorable Jordan L. Martinelli, Retired Judge of the Superior Court of the County of Marin, found, after a hearing, that immediately after petitioner was sentenced on July 19, 1963, Mr. Minsky said to him, " 'Don't worry—I'll be up to see you in a couple of days. . . . I am going to appeal', and thereupon patted the applicant on the back."

The referee also found that "Attorney Minsky said he would file a Notice of Appeal immediately—or right away. . . .

" . . . . . . . . . . .

"Attorney Minsky told Applicant that he would speak with his sisters concerning an appeal. . . .

" . . . that he thought Applicant had very good grounds for appeal and that he would be up in a few days." Minsky, within the vital 10-day period, also told the sisters he would see the defendant at the county jail, but he did not attempt to do so because of the rush of business until after the time for appeal had elapsed and until after petitioner had been transferred to the state prison. The referee also found that "Attorney Minsky did not tell Applicant how to appeal nor in what form he should appeal, nor anything concerning the time of filing a Notice of Appeal. . . .

" . . . . . . . . . . .

"Mr. Minsky did not notify Applicant during the ten-day period that he would not handle the appeal. . . .

"Attorney Minsky did not advise Applicant during the ten-day period that he had not perfected the appeal. . . ."

The referee also made reference to a letter from Attorney Minsky dated September 12, 1963, written in response to several letters of inquiry from petitioner about the status of his appeal to the effect that "the appeal has been denied."

The attorney admitted that he wrote this letter containing the misleading statement that the appeal had been "denied," and gave as his reasons that he had received some 15 pages of documents, some incoherent, from petitioner, was convinced that petitioner was mentally unstable, and wanted to reassure him. The attorney also testified he had not promised to file the notice of appeal, but had promised petitioner to

talk to the sisters about it; that he did so; that they did not want to proceed.

The referee concluded "It would appear to your Referee that Applicant never having heard from his attorney after the day of judgment, and having no report from the attorney concerning his sisters' attitude towards an appeal, nor certain set arrangements therefor had [*sic*] been reached, Applicant was entitled to rely upon the statements of his attorney and any reasonable inference or deduction to be drawn therefrom and was therefore not burdened with the duty either to file his own Notice of Appeal or to obtain other counsel.

"It would appear to your Referee that the application ought to be granted."

There is substantial and convincing evidence to support the findings of the referee. ▆▆ Such findings are, of course, not binding on this court, but they are entitled to great weight (*People* v. *Johnson, supra,* 61 Cal.2d 843, 845). We have independently reviewed the record, and we are of the opinion that the referee's findings should be adopted as the findings of this court, and they are so adopted.

▆▆ Those findings bring the present case within the rules announced in the cases of *People* v. *Tucker, supra,* 61 Cal.2d 828, and *People* v. *Johnson, supra,* 61 Cal.2d 843. In this connection we particularly call attention to this language found in the *Tucker* case, *supra* (p. 832): "It seems quite clear that, regardless of the technical legal status of the trial attorney after conviction, a defendant who desires to appeal is entitled to protection during this vital 10-day period. Although the act of filing a notice of appeal is purely mechanical, its timely performance is vital. Help to an uninformed client in such circumstances is indispensable. If a defendant asks his attorney to appeal, and the latter agrees but fails to do so, even if his lawyer feels such an appeal would lack merit, the defendant is entitled to protection. (*Lane* v. *Brown,* 372 U. S. 477 [83 S.Ct. 768, 9 L.Ed.2d 892].)

"Under the findings a denial of the right to appeal would present serious constitutional problems. Doubts should be resolved in favor of the right to appeal. ▆▆ The court, whenever possible, should exercise the jurisdiction conferred upon it by rule 31(a), and grant relief, as a matter of policy, from the late filing of the notice. The right to counsel and the right to appeal being of such importance, it would seem to be reasonable, where a defendant requests his trial counsel to file a notice of appeal, to expect the attorney to take some

action, and not to ignore the request. The attorney, in a proper case, may tell his client that, in his opinion, such an appeal would lack merit, but, unless the client abandons his request, the attorney should be under a duty to file such a notice, to secure other counsel, or to instruct the defendant as to the proper procedure. In the absence of such action, there being no grounds for an estoppel, relief should be granted.''

 Obviously a defendant, whose privately retained trial counsel volunteers immediately after pronouncement of sentence a promise to promptly file notice of appeal, must be entitled to the same protection as a defendant whose express request preceded a similar promise.

Petitioner's application for relief under rule 31(a) is granted, and the Clerk of the Superior Court of Los Angeles County is directed to file the notice of appeal heretofore received by him and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.