[Crim. No. 7676. In Bank. Nov. 27, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD N. DIEHL, Defendant and Appellant.

Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Albert W. Harris, Jr., Robert R. Granucci and John F. Kraetzer, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—Petitioner seeks relief from his default in failing to file a notice of appeal in a criminal case within the 10-day period specified by rule 31(a) of the California Rules of Court. That rule provides for relief from default in a proper case.[1] ▮ It is now settled that the power conferred by that rule should be liberally exercised to avoid, if possible, the loss of the right to appeal. (*People* v. *Casillas,* 61 Cal.2d 344, 346 [38 Cal.Rptr. 721, 392 P.2d 521]; *People* v. *Tucker,* 61 Cal.2d 828, 831 [40 Cal.Rptr. 609, 395 P.2d 449]; see also *People* v. *Johnson,* 61 Cal.2d 843, 844 [40 Cal.Rptr. 708, 395 P.2d 668].) These cases have determined that when the trial attorney expressly agrees, within the 10-day period, to appeal, and does not do so, and the defendant is free of fault, relief should ordinarily be granted. The present case involves a somewhat different phase of the problem.

Defendant was tried before a jury in San Francisco, and convicted of manslaughter. His trial attorney was Milton Stern, Jr. The trial was hard fought. Several times during the trial the attorney, in defendant's presence, or in the presence of defendant's wife, stated that the deputy district attorney or the judge had committed serious error, and that, if convicted, there were good reasons for an appeal. At all times here relevant attorney Stern was definitely of the opinion that petitioner had good grounds for an appeal.

Petitioner was sentenced on October 14, 1963. Immediately thereafter, in the courtroom, he had a conversation with Attor-

---

[1] That rule requires that an appeal must be filed within 10 days after rendition of the judgment, and then provides: "Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

ney Stern. As a result of that conversation he believed a notice of appeal would be filed by Stern. That was the last time he saw Stern during the 10-day period, because he was transferred to Vacaville on October 15th. Through the prison office, as a result of his inquiry, he was informed on October 28th that no appeal had been taken. He immediately attempted to file such a notice (it was received by the county clerk on November 4th). He was correctly informed that the notice was late, and relief, if any, had to be secured from the appellate courts.

This court appointed as its referee the Honorable Jordan L. Martinelli, Retired Judge of the Superior Court of the County of Marin, to determine the facts. A hearing was had at which both Attorney Stern and petitioner testified. There is very little conflict in their testimony.

The referee found the facts to be that, on October 14, 1963, immediately after sentence was pronounced, petitioner told Stern that he thought he had sufficient grounds to appeal and wanted to appeal. This was the only conversation he had with Stern during the 10-day period. Stern admitted that Diehl told him that he wanted to appeal. Both petitioner and Stern testified that during the conversation of the 14th Stern told petitioner that he had "had it"; that he would not represent him on the appeal, and that petitioner could get any attorney he wanted. Both were agreed that Stern did not expressly state that he would file the notice of appeal, nor did he state that he would not. Petitioner testified that because the lawyer had told him several times during the trial that he had good grounds for the appeal, and because of the conversation of the 14th, he "presumed" that Stern would protect him by filing the notice, although he knew that Stern would not represent him on the appeal. Both testified that Stern did not inform petitioner how to file the appeal. He did not tell him the time within which to appeal or where it should be filed, or what the notice should contain. Stern admitted that he did not turn over his file to petitioner, and also stated that if he had analyzed the problem then as he now sees it he would have filed the notice of appeal.

These findings, although not binding on this court, rest on practically uncontradicted evidence. We adopt them as the findings of this court.

Based on these findings the referee concluded "that Applicant's presumption that his attorney would appeal, lies without predicate." We do not agree with this conclusion. Under

the facts already set forth we are of the opinion that petitioner is entitled to the relief he seeks.

The conclusion of the referee was reached two months before this court decided *People* v. *Tucker, supra,* 61 Cal.2d 828. In that case we stated (p. 832): "It seems quite clear that, regardless of the technical legal status of the trial attorney after conviction, a defendant who desires to appeal is entitled to protection during this vital 10-day period. Although the act of filing a notice of appeal is purely mechanical, its timely performance is vital. Help to an uninformed client in such circumstances is indispensable. If a defendant asks his attorney to appeal, and the latter agrees but fails to do so, even if his lawyer feels such an appeal would lack merit, the defendant is entitled to protection. (*Lane* v. *Brown,* 372 U.S. 477 [83 S.Ct. 768, 9 L.Ed.2d 892].)

"Under the findings a denial of the right to appeal would present serious constitutional problems. Doubts should be resolved in favor of the right to appeal. ■ The court, whenever possible, should exercise the jurisdiction conferred upon it by rule 31(a), and grant relief, as a matter of policy, from the late filing of the notice. The right to counsel and the right to appeal being of such importance, it would seem to be reasonable, where a defendant requests his trial counsel to file a notice of appeal, to expect the attorney to take some action, and not to ignore the request. The attorney, in a proper case, may tell his client that, in his opinion, such an appeal would lack merit, but, unless the client abandons his request, the attorney should be under a duty to file such a notice, to secure other counsel, or to instruct the defendant as to the proper procedure. In the absence of such action, there being no grounds for an estoppel, relief should be granted."

The referee when he heard this case did not have the benefit of these views. His conclusion was based on the erroneous belief that, unless the attorney expressly promised to appeal, rule 31(a) was not applicable. The views expressed in *Tucker* are based on the premise that the defendant is peculiarly defenseless, and entitled to some legal protection during the 10-day period. He is entitled to representation during trial as a matter of constitutional law (*Gideon* v. *Wainwright,* 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733]). He is entitled to representation on appeal (*Douglas* v. *California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]). He is also entitled to protection during the 10-day period. ■ Of course, the trial attorney is under no obligation to represent the defendant on

the appeal, but where the defendant clearly indicates, as he did here, that he desires to appeal, the trial attorney is under a duty not to ignore that request. The trial attorney is under a duty either to file the notice of appeal, or to instruct the defendant as to the proper procedure, or to see that the defendant has counsel to do these things for him.

In the present case, it is admitted that the petitioner told the attorney that he desired to appeal. It is admitted that the attorney did not tell defendant that he would not file the appeal. The attorney did not indicate that he was completely abandoning the petitioner, which he could have done by giving the file to him. The attorney believed, and told petitioner, that good grounds for an appeal existed. He now believes he should have filed the notice. Under such circumstances we believe petitioner had a legal right to "presume" that the attorney would file the notice, or in some other manner protect his rights. Rule 31(a), under the doctrine announced in the *Tucker* case, *supra*, is applicable to such facts

Petitioner's application for relief under rule 31(a) is granted, and the Clerk of the Superior Court for the City and County of San Francisco is directed to file the notice of appeal heretofore received by him and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.