[Crim. No. 7956.    In Bank.    Jan. 14, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WATSON T. CURRY, Defendant and Appellant.

Watson T. Curry, in pro per., and Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, and John F. Kraetzer, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioner seeks relief from his default in failing to file a notice of appeal in a criminal case within the 10-day period specified by rule 31(a) of the California Rules of Court. That rule provides for relief from default in a proper case.[1] There have been several recent cases interpreting this rule and determining when it is operative.

In *People* v. *Casillas,* 61 Cal.2d 344 [38 Cal.Rptr. 721, 392 P.2d 521], the validity of the rule was upheld, and it was determined that it should be liberally construed so as to protect, where possible, the right of appeal. In that case during the 10-day period the attorney promised to appeal but did not do so. Relief was granted.

In *People* v. *Tucker,* 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 449], the defendant told the attorney he wanted to appeal and claimed the attorney stated that he would do so. The attorney denied making such a promise. This conflict was resolved in favor of the defendant. It was held that, where the defendant asks his trial attorney to appeal and the attorney promises to do so, in the absence of an estoppel, relief should be granted.

*People* v. *Johnson,* 61 Cal.2d 843 [40 Cal.Rptr. 708, 395

---

[1]After providing that an appeal must be filed within 10 days after rendition of judgment, that rule provides:

''Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late.''

P.2d 668], was quite similar to the *Tucker* case, *supra.* The defendant stated that he told his attorney that he desired to appeal and that the attorney stated he would appeal. The attorney did not deny making such a promise but simply testified that he had no recollection of doing so. Relief was granted. In this case there was over a seven-month delay between the date of sentence and the date the delayed notice was presented. This delay was excused on the ground that the defendant had relied reasonably on the attorney's promise, and was in prison during that period.

In *People* v. *Flanagan, ante,* p. 63 [41 Cal.Rptr. 85, 396 P.2d 389], the defendant testified that immediately after sentence the attorney volunteered a statement telling defendant not to worry and that he was going to appeal. There was no evidence of a request to appeal by defendant. The attorney denied making the promise. This conflict was resolved in favor of defendant. Relief was granted, the court holding that a request was not necessary.

In *People* v. *Diehl, ante,* p. 114 [41 Cal.Rptr. 281, 396 P.2d 697], the defendant told his attorney he wanted to appeal, and the attorney admitted that this was so. Both the attorney and the petitioner admitted that there had been no promise by the attorney to appeal. The court held that an express promise was not necessary, and reversed a conclusion of the referee to the effect that defendant's belief that the attorney would appeal, in the absence of a promise, was not reasonable, holding that it was. Relief was granted. It was held (p. 118) that "where the defendant clearly indicates, . . . that he desires to appeal, the trial attorney is under a duty not to ignore that request. The trial attorney is under a duty either to file the notice of appeal, or to instruct the defendant as to the proper procedure, or to see that the defendant has counsel to do these things for him." Relief should be granted where a request is made by the defendant although the attorney makes no express promise to appeal.

The fundamental philosophy upon which these opinions are based was stated as follows in *People* v. *Tucker, supra,* 61 Cal.2d 828, 832:

"It seems quite clear that, regardless of the technical legal status of the trial attorney after conviction, a defendant who desires to appeal is entitled to protection during this vital 10-day period. Although the act of filing a notice of appeal is purely mechanical, its timely performance is vital. Help to an uninformed client in such circumstances is indispensable.

If a defendant asks his attorney to appeal, and the latter agrees but fails to do so, even if his lawyer feels such an appeal would lack merit, the defendant is entitled to protection. (*Lane* v. *Brown,* 372 U.S. 477 [83 S.Ct. 768, 9 L.Ed.2d 892].)

"Under the findings a denial of the right to appeal would present serious constitutional problems. Doubts should be resolved in favor of the right to appeal. The court, whenever possible, should exercise the jurisdiction conferred upon it by rule 31(a), and grant relief, as a matter of policy, from the late filing of the notice. The right to counsel and the right to appeal being of such importance, it would seem to be reasonable, where a defendant requests his trial counsel to file a notice of appeal, to expect the attorney to take some action, and not to ignore the request. The attorney, in a proper case, may tell his client that, in his opinion, such an appeal would lack merit, but, unless the client abandons his request, the attorney should be under a duty to file such a notice, to secure other counsel, or to instruct the defendant as to the proper procedure. In the absence of such action, there being no grounds for an estoppel, relief should be granted."

This statement was quoted with approval in *People* v. *Flanagan, supra, ante,* pp. 66-67, and in *People* v. *Diehl, supra, ante,* p. 117. In addition it was state in the *Diehl* case (p. 117): "The views expressed in *Tucker* are based on the premise that the defendant is peculiarly defenseless, and entitled to some legal protection during the 10-day period. He is entitled to representation during trial as a matter of constitutional law (*Gideon* v. *Wainwright,* 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 33 A.L.R.2d 733]). He is entitled to representation on appeal (*Douglas* v. *State of California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]). He is also entitled to protection during the 10-day period."

Under the rules of these cases it is now settled that where there is a request to appeal within the 10-day period by the defendant, and a promise of the attorney to do so, or where there is such a promise but no such request, or where there is such a request but no promise, absent grounds of waiver or estoppel, the defendant is entitled to relief.

The present case falls within the rules of one or more of these cases. Here, the petition stated a prima facie case entitling the petitioner to relief under the rules announced in the *Casillas* and *Flanagan* cases, *supra.* After counsel had been appointed to represent the petitioner there was some

correspondence between the appointed counsel and the office of the Attorney General. The latter received letters from the attorney who had represented petitioner at the trial. Thereafter, appointed counsel and the Attorney General stipulated that the case could be determined without being placed on a calendar on the record now before the court.

The record shows that petitioner was tried before a jury in San Mateo County for assault with intent to commit rape. Attorney Jack Small was appointed to represent him. The jury found him guilty. The motion for a new trial was denied, and petitioner was sentenced on April 22, 1963. His petition for relief from default alleges that immediately after the rulings were made Attorney Small "turned to the defendant and informed him that he (Jack Small) would file a notice of appeal on behalf of the defendant, as soon as he (Jack Small) could prepare it."

In the correspondence above referred to this promise by the attorney to appeal appears in a somewhat different form. In a letter from the appointed attorney in this proceeding to the deputy attorney general handling the matter it is stated that upon interviewing petitioner in San Quentin the petitioner stated that on the day of sentence the trial attorney stated to him "there was no other recourse 'We'll have to appeal, don't have time will be up to jail to see you.' The next day Mr. Small came up to the jail said he was sorry he had lost; that it was a wrong decision; that he would appeal the case. . . ."

Attorney Small does not positively deny making such a promise. In a letter to the same deputy attorney general Small states that from his files and notes it appears that about the time the trial court denied the motion for a new trial he, Small, had several conversations with defendant; that prior to trial defendant was "emotionally and mentally disturbed," and at the trial "was still a disturbed and emotionally sick person"; that in these conversations the two weighed whether to appeal or to not appeal and explain the matter to the parole board; that immediately after the *Curry* case he "had to jump into the preparation of another one"; that if "Mr. Curry wishes to have an Appellate Court review the trial, I do not think he should be denied this, although I cannot state positively that I promised to file an appeal."

█ There can be no reasonable doubt but that defendant reasonably believed that the appeal would be and had been taken. On April 28, 1963, petitioner wrote Small thanking him for his trial court representation and stating "as we

discussed briefly, I do intend to continue further with this case. But to do so, I will need a bit of assistance. . . .'' He then asked Small to send him some records and then stated: ''Also, if you could draw up an initial brief, appealing to the Appellate Court, in San Francisco, for me, for a new trial.''

It will be noted that this letter was sent within the 10-day period within which to appeal. It indicates both a belief that a notice of appeal had been filed, and certainly a request to file one. Attorney Small did not answer this letter or explain why he did not do so.

Shortly after petitioner was sentenced he was transferred to the facility at Vacaville.

In March of 1964 petitioner inquired of the appellate court about the status of his appeal. He was informed that no appeal had been taken. He immediately filed for relief from the default.

On this evidence we find that during the 10-day period within which to appeal the trial attorney promised to appeal; that due to press of business he did not do so; that the promise was of such a nature that petitioner reasonably believed an appeal would be and had been taken.

Such findings warrant the granting of the relief requested unless there are grounds for a waiver or estoppel. It will be noted that petitioner did not inquire about the status of his appeal until March of 1964. His time for appeal expired May 2, 1963. Thus he delayed for a period of a little over 10 months. Is such a delay reason for a waiver or an estoppel?

We do not think so under the facts of this case. In *People v. Johnson, supra,* 61 Cal.2d 843, a seven-month delay was excused on the ground that Johnson had reasonably relied on the promise of his attorney to appeal. There was similar reasonable reliance in the instant case. This petitioner was emotionally and mentally upset. His attorney promised to appeal. Petitioner wrote to the attorney in the belief such appeal had been taken. He was transferred to Vacaville and then to San Quentin shortly after his sentence. Under such circumstances we find that the 10-month delay is excused.

Apparently no notice of appeal has been filed with the Clerk of the Superior Court of San Mateo County where, of course, it should have been filed.

Petitioner's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of San Mateo County is directed to file a notice of appeal in this case if one is tendered to him by petitioner or his appointed counsel

within 10 days after finality of this opinion, and, if such notice is filed, to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.