[Crim. No. 8851.   In Bank.   Apr. 25, 1966]

In re ED MACK THORNTON on Habeas Corpus.

Ed Mack Thornton, in pro. per., and William D. Heekin, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Edward A. Hinz, Jr., Deputy Attorneys General, for Respondents.

PETERS, J.—This is a petition for habeas corpus by which petitioner seeks to be relieved, under rule 31(a) of the California Rules of Court, from his late filing of a notice of appeal in a criminal case.

The record shows that in 1957 petitioner was convicted and sentenced to the state prison. In 1959 he was paroled. He violated that parole, was returned to prison, and again paroled in 1962. In May of 1963 he was found guilty of a felonious narcotic offense. The imposition of sentence was suspended and petitioner was placed on probation for five years. In 1964 he was charged with unlawful possession of a gun by a felon and also with violation of probation. On April 9, 1964, his probation was revoked because he had been convicted of the possession of a gun (for which he was given one year in the county jail) and he was sentenced on the 1963 narcotic offense to the state prison.

In November 1964 he filed a petition for a writ of error *coram nobis* with the superior court, attaching to it a premature notice of appeal. This was summarily denied on December 1, 1964. On February 10, 1965, he filed a petition for a writ of mandate with the District Court of Appeal. That court treated it as a petition for relief from default under rule 31 (a) and denied it by order of February 17, 1965. No further relief was sought in that or in the *coram nobis* proceeding. Petitioner filed this petition for a writ of habeas corpus April 1, 1965.

It appears that when petitioner was sentenced on April 9, 1964, he was represented by a deputy public defender. Petitioner avers that immediately after the trial judge had imposed sentence he asked the deputy to file a notice of appeal and that the deputy promised to do so. No such notice was filed. If these allegations are true, absent grounds of waiver or estoppel, petitioner would be entitled to the relief he seeks. (*People* v. *Casillas*, 61 Cal.2d 344 [38 Cal.Rptr. 721, 392 P.2d 521]; *People* v. *Curry*, 62 Cal.2d 207 [42 Cal.Rptr. 17, 397 P.2d 1009].)

To ascertain the facts this court appointed as its referee the Honorable Jordan L. Martinelli, Retired Judge of the Superior Court of the County of Marin. A hearing was had at which petitioner represented by counsel was present and testified and the deputy public defender involved also was present and testified. In response to questions propounded by this court the referee found "that within ten days from the date he was sentenced Petitioner Thornton did not request his trial attorney . . . to file a Notice of Appeal"; "that Petitioner did not reasonably believe that his then trial attorney would comply with his request"; that the attorney had not "promised that he would file a Notice of Appeal," and that "Petitioner waived his right to a delayed appeal and is estopped thereby." The referee explained these findings by a careful analysis of the evidence. These findings are, of course, not binding on this court, but they are entitled to great weight. (*People* v. *Johnson*, 61 Cal.2d 843, 845 [40 Cal.Rptr. 708, 395 P.2d 668]; *People* v. *Flanagan*, 62 Cal.2d 63, 66 [41 Cal.Rptr. 85, 396 P.2d 389].)

After a review of the entire record, we are convinced that the findings of the referee as to a request or promise to appeal are not only substantially supported, but correctly interpret the evidence. This is not a simple case of the petitioner testifying that a request to appeal and a promise to appeal were made, and the trial attorney testifying that they

486

were not, in which event liberal rules of construction favoring the allowance of an appeal might weigh the scales in favor of petitioner, but is a case where part of petitioner's testimony is demonstrably false and other parts inconsistent or subject to doubt.

Thus, he testified that at the time of sentence the trial judge told him he had 10 days in which to file a notice of appeal, the implication being that this is why he immediately thereafter requested his counsel to appeal. The transcript of the sentencing proceeding contains no such statement by the trial judge.

The deputy public defender not only testified that neither a request nor a promise to appeal was made, but fortified this statement by testimony to the effect that at sentencing hearings he always carried a notebook in which he entered any request of the defendant and any promise made to him, particularly in reference to an appeal. The information book here involved showed neither a request nor a promise.

Of some significance is the fact that after petitioner had been in prison several months, under date of August 18, 1964, he wrote to the deputy public defender requesting that certain documents be sent to him "so that I will be able to properly prepare my appeal." Not one word is said in this letter to support petitioner's testimony that he then believed the attorney had filed and was prosecuting the appeal, or had promised to do so. Not one word is said about a request or a promise to appeal, or about the attorney's failure to live up to any such request or promise.

On August 21, 1964, the deputy public defender answered the letter of the 18th erroneously stating that the public defender's office had been contacted by a named attorney who stated he was going to handle the appeal. The named attorney's address was given. Petitioner, after vainly trying to get in touch with the named attorney, on October 2, 1964, again wrote to the deputy public defender telling of his inability to contact the named attorney who "is supposed to have been retained to represent me in my pending appeal," and asking for further information. Again, in this letter, there is no hint that the deputy public defender had violated any promise or request to appeal.

When the record is read as a whole we think the findings of the referee correctly dispose of the factual issues here involved. We adopt them as the findings of this court. This determination makes it unnecessary to pass on the propriety of the findings in reference to waiver because if there was neither

a request nor a promise to appeal, there was nothing to waive.

The order to show cause is discharged and the petition is denied.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.