Robert Harrison CHOATE, Appellant,

v.

Lawrence E. WILSON, Warden of the California State Prison, San Quentin, California, Appellee.

No. 20582.

United States Court of Appeals Ninth Circuit.

July 13, 1966.

Rehearing Denied Aug. 3, 1966.

Robert Harrison Choate, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Charles W. Rumph, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

JERTBERG, Circuit Judge:

Before us is an appeal from an order of the District Court denying appellant's petition for writ of habeas corpus.

Following trial by jury, appellant was convicted in the Superior Court of the State of California, in and for the County of San Bernardino, of the offense of second degree murder, in violation of Section 187 of the Penal Code of the State of California.

On September 26, 1962, he was sentenced to imprisonment in the state prison for the term prescribed by law.

On March 25, 1965, appellant filed his petition for writ of habeas corpus in the District Court. As grounds for his allegedly unlawful detention, the petition states:

(a) An investigation had focused on me; I was without counsel; and officers failed to advise me of my right to an attorney and my right to remain silent;

(b) An incriminating statement was taken from me while I was intoxicated and not capable of making an intelligent statement, and said statement was used as evidence against me.

In support of said grounds it is alleged that shortly after the commission of the offense for which appellant was tried, he was arrested. That at that time he had consumed a large quantity of whiskey and was drunk; that he was immediately questioned by police officers concerning the shooting, put in a police car and again questioned, and taken to the scene of the shooting where he was further

questioned; that he was later questioned by a deputy district attorney in the presence of a court reporter while he was still drunk; that he was at no time advised of his right to counsel nor his right to remain silent; that at the time of his trial incriminating statements made by appellant to the police officers and the deputy district attorney were offered and received in evidence over objection by appellant's said counsel; that any statements made by him were involuntary in nature, and were made while under the influence of intoxicating liquor and were not intelligently and understandingly made by him.

In the petition it is stated that appellant did not appeal his conviction because "I was tried for 1st degree murder and my attorney (a public defender) felt I was fortunate to get a 2nd degree verdict."

The petition further alleges that petitions for habeas corpus filed by him in the Superior Court in and for the County of Marin, State of California, were denied on November 4, 1964, and on February 4, 1965, and that a like petition for habeas corpus was denied by the Supreme Court of California on March 10, 1965.

The District Court denied the petition for the Writ, stating:

"In Carrizosa v. Wilson, * * * [244 F.Supp. 120 (1965)], this Court recently held that Escobedo v. [State of] Illinois, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (1964), does not operate retroactively to affect convictions final before June 22, 1964. Petitioner's conviction was final in 1962. To the extent that the petition filed herein raises constitutional issues under *Escobedo*, it must, therefore, be denied.

"To the extent that the petition is intended to allege an involuntary confession, it must also be denied. Petitioner deliberately by-passed established state procedures for the review of constitutional errors in his conviction when he failed to appeal. This was a deliberate, informed choice made on the advice of counsel, who, at the time, felt that his client was fortunate to be convicted of a crime of a lesser degree than the one charged. Under these circumstances, this Court may in its discretion deny relief by way of habeas corpus. Fay v. Noia, 372 U.S. 391 [83 S.Ct. 822, 9 L.Ed.2d 837] (1963); see also Nelson v. [People of State of] California, No. 19463 [346 F.2d 73] (9th Circ. 1965)."

Thereafter, appellant filed a motion for rehearing and the issuance of a certificate of probable cause. In this petition appellant amplified the reasons why no appeal was taken by appellant from the judgment of conviction. It is alleged that after the trial appellant was inadequately advised by the public defender as to the filing of an appeal from such conviction. There is attached to the petition copy of a letter from the public defender to appellant in which the public defender advised appellant not to take an appeal in the State court from the conviction because of the fact that should he be successful in securing a new trial, appellant would run the risk of being convicted on such trial of murder in the first degree.

Appellee concedes that under existing law an accused cannot be convicted, upon a new trial, of a crime or degree of a crime greater than that of his first conviction for reasons of double jeopardy, and cites People v. Henderson, 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677 (1963), and states in his brief "at least from the face of the letter counsel sent to petitioner, it appears that he may have given him erroneous advice."

Appellee further states in his brief:

"Over the past year, the California Supreme Court has seen fit to permit petitioners in certain circumstances to reinstate their right of appeal from their judgment of conviction in the California Superior Court. See, e. g., People v. Curry, 62 Cal.2d 207 [42 Cal.Rptr. 17, 397 P.2d 1009] (1965); People v. Diehl, 62 Cal.2d 114 [41 Cal. Rptr. 281, 396 P.2d 697] (1964); People v. Flanagan, 62 Cal.2d 63 [41 Cal.

Rptr. 85, 396 P.2d 389] (1964); People v. Johnson, 61 Cal.2d 843 [40 Cal. Rptr. 708, 395 P.2d 668] (1964); People v. Tucker, 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 449] (1964); People v. Casillas, 61 Cal.2d 344 [38 Cal.Rptr. 721, 392 P.2d 521] (1964). We feel that these cases raise the possibility that petitioner can obtain state appellate review of his conviction by filing a motion for relief under Rule 31(a) of the California Rules of Court."

The District Court denied the petition for rehearing and granted a certificate of probable cause. In the order the District Court stated: "This finding of probable cause is exclusively limited to the ruling of this court that *Escobedo* does not operate retroactively."

▪ The District Court correctly denied relief based upon appellant's claim that at the time of his arrest and interrogation he was not advised of his right to counsel, or his right to remain silent. Appellant's conviction was final in 1962. The Supreme Court recently decided that the rulings in *Escobedo* concerning the right to counsel and the right to remain silent are to be applied prospectively, and operate retroactively only as to those cases in which the trial began after June 22, 1964, the date of that decision. Johnson and Cassidy v. State of New Jersey (decided June 20, 1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

It is to be noted that the District Court's grant of a certificate of probable cause was restricted to its ruling that *Escobedo* does not operate retroactively.

▪ In view of the amplification contained in the petition for rehearing, as to appellant's failure to appeal his conviction because of allegedly erroneous advice given to him by the public defender, it appears that there may be a State remedy available to appellant which he should pursue before seeking relief in the Federal Courts. Cf. Rose v. Dickson, 327 F.2d 27 (9th Cir. 1964).

The order appealed from is affirmed.

HAMLEY, Circuit Judge (concurring):

As indicated in the majority opinion, this court is not expressing agreement with the ground relied upon by the district court in denying the application—that Choate had deliberately by-passed state appeal procedures wherein he could have obtained a determination of his involuntary confession question. Instead, this court is disposing of the appeal on the alternative ground, suggested by appellee on this appeal, that certain California cases " * * * raise the possibility that petitioner can obtain state appellate review of his conviction * * *." As indicated by the quoted words, the appellee is himself not very sure that Choate still has a remedy by state appeal.

In view of these circumstances, I feel that affirmance of the order denying Choate's application with the intimation that there " * * * may be a State remedy available to appellant which he should pursue before seeking relief in the Federal Courts," is not the best way of disposing of this appeal. I think it would have been preferable to reverse and remand with directions to afford Choate a reasonable opportunity to seek reinstatement of his right to a state appeal. If he did not follow that course or, following it, the state court reinstated his right of appeal, the federal habeas corpus proceeding could then be dismissed. If the state court denied reinstatement of the right to appeal, it would be established that Choate had exhausted his state remedies. The district court could then have proceeded in the remanded proceedings to determine the voluntariness of the confession, affording Choate an evidentiary hearing if appellee's answer to the application (not yet filed) created an issue of fact.

However, I do not dissent because of the way in which the majority has disposed of the appeal because I suppose that, in the long run, Choate can get back into a federal habeas court if he is not afforded a state appeal.

It seems to me that the district court is entitled to know why we do not affirm on the ground relied upon by that court. I therefore take this means of stating the reasons why, in my opinion, we cannot approve the district court's rationale.

In Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837, relied upon by the district court in holding that there was a deliberate by-passing of state appeal procedures, the court indicated that the classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461— "an intentional relinquishment or abandonment of a known right or privilege"— furnishes the controlling standard.

Choate had a right to appeal his state conviction of second degree murder without running the risk of being convicted, at a new trial, of first degree murder. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199; People v. Henderson, 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677. But, as indicated in the majority opinion, Choate has alleged facts tending to show that he did not know of this right and therefore, in failing to appeal, did not intentionally relinquish or abandon a known right. These allegations are to the effect that Choate's attorney told him he had no such right but that, on the contrary, if he should appeal he would run the risk of a first degree murder conviction in the event a new trial was ordered.

In view of these allegations (and assuming that appellee would have denied the allegations had he been afforded an opportunity to answer) I believe the district court should not have determined the question of whether Choate had deliberately by-passed state appeal procedures without first affording him an evidentiary hearing. If appellee did not dispute the allegations, or if such allegations were sustained in an evidentiary hearing, then, as I see it, it could not be correctly held that Choate had deliberately by-passed state appeal procedures.

I wish also to express the view that a certificate of probable cause, issued pursuant to 28 U.S.C. § 2253 (1964), may not be so phrased as effectively to limit the issues which may be considered on the appeal thereby authorized. The function of such a certificate is not to specify issues which may be reviewed on appeal, but to confer jurisdiction on a court of appeals to entertain the appeal, including all issues which may properly be presented.