[Crim. No. 7878. In Bank. Feb. 9, 1965.]

In re PLENNY ADAM NOTZ on Habeas Corpus.

Frank C. Morales, under appointment by the Supreme Court, for Petitioner.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Doris H. Maier, Assistant Attorney General, Edsel W. Haws and Edward A. Hinz, Jr., Deputy Attorneys General, for Respondent.

PETERS, ▇▇▇ This petition is entitled one for habeas corpus. The purpose of it is to review the propriety of the denial by the District Court of Appeal of a petition for relief from the late filing of a notice of appeal in a criminal case. While the proper procedure would have been to petition this court for a hearing after denial by the appellate court[1] this failure to properly entitle the petition is not fatal. The petition was filed in this court well within the time a petition for hearing could have been filed. For that reason it will be treated as if it were a petition for hearing.

▇▇ While a notice of appeal in criminal cases must be filed "within 10 days after the rendition of the judgment" (rule 31(a) of the California Rules of Court) the second paragraph of rule 31(a)[2] provides for relief from default in proper cases. That rule should be liberally interpreted to protect the right of appeal (*People* v. *Casillas,* 61 Cal.2d 344 [38 Cal.Rptr. 721, 392 P.2d 521]), and doubts resolved in favor of the petitioner (*People* v. *Tucker, supra,* 61 Cal.2d 828). The prior cases interpreting and applying this rule have been cited and reviewed in *People* v. *Curry, supra, ante,* p. 207.

▇▇ In the *Curry* case, *supra,* it was stated (*ante,* at p. 210): "Under the rules of these cases it is now settled

---

[1]This is the procedure followed in *People* v. *Tucker,* 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 499]; *People* v. *Johnson,* 61 Cal.2d 843 [40 Cal. Rptr. 708, 395 P.2d 668]; *People* v. *Flanagan, ante,* p. 63 [41 Cal.Rptr. 396 P.2d 389]; *People* v. *Diehl, ante,* p. 114 [41 Cal.Rptr. 281, 396 P.2d 697]; and in *People* v. *Curry, ante,* p. 207 [42 Cal.Rptr. 17, 397 P.2d 1009].

[2]That paragraph provides: "Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

that where there is a request to appeal within the 10-day period by the defendant, and a promise of the attorney to do so, or where there is such a promise but no such request, or where there is such a request but no promise, absent grounds of waiver or estoppel, the defendant is entitled to relief.''

In the instant case there was both a request and a promise.

Petitioner was convicted of receiving stolen property (Pen. Code, § 496), a felony, in the Superior Court of the County of Los Angeles. He was sentenced on December 31, 1963. He was transferred to a state prison facility on January 14, 1964. He made inquiry as to the status of his supposed appeal, and after discovering that no appeal had been filed, petitioned the appellate court for relief from his default. The District Court of Appeal denied his petition on April 3, 1964. This present petition was filed in this court April 14, 1964. No claim of waiver or estoppel is made.

The petition alleges that the trial counsel ''told petitioner that he would put in his notice of appeal,'' but failed to do so. This court issued its order to show cause, appointed counsel for petitioner, and appointed the Honorable Jordan L. Martinelli, Retired Judge of the Superior Court of the County of Marin, as a referee to determine what petitioner stated to his attorney, if anything, with regard to an appeal and what, if anything, the attorney said or did in regard to an appeal. The referee, after a hearing, found that within the 10 days of the rendition of judgment petitioner requested his attorney to appeal and that the attorney promised to do so. Based on these findings, and his analysis of the evidence, the referee in his report to this court concluded with the statement that ''It would appear to your Referee that the application ought to be granted and he does so recommend.'' The Attorney General has filed objections to the referee's report and findings, but has stipulated with the attorney for petitioner that the case may be submitted without being placed on the calendar for oral argument, and without the filing of further briefs.

Although the findings of the referee are not binding on this court they are entitled to great weight.

An examination of the record shows that the petitioner on the morning of sentence stated to his attorney that ''I still want to appeal. . . . I want to get out, I want to get out on bail.'' Petitioner also told his attorney ''Appeal then, we'll appeal it.''

The record also shows that shortly after petitioner was sentenced the attorney had a conversation with Mrs. Shearer, the common-law wife of petitioner, who was financing his defense. Mrs. Shearer testified that the attorney asked her if she wanted to go through with the appeal, and that she told him she did. The attorney then stated that he would appeal— "Alright, then, I will get busy on it." She also testified that she conveyed this information to petitioner.

Apparently the attorney did not see petitioner between the day of sentence and the date of the referee's hearing. He did not file a notice of appeal nor did he inform petitioner how to do so. The attorney testified that although the subject of appeal was mentioned before and during the trial, and at Mrs. Shearer's house after sentence, that he was not requested to appeal nor did he promise to appeal. He was positive that his retainer did not cover an appeal. He believed, however, that reversible error had occurred at the trial, and communicated this fact to petitioner.

The Attorney General does not deny that the testimony of petitioner and Mrs. Shearer, above summarized, would, if believed, support the findings, but attacks the credibility of both petitioner and of Mrs. Shearer, by pointing out that there were inconsistencies in their testimony, and that at times they used different words to describe the same conversations. A reading of the record, however, demonstrates that their stories are consistent and convincing. Under such circumstances, keeping in mind the liberal rule of construction applicable, the findings of the referee should be and are adopted by this court.

Under these findings, amply supported by the record, there was both a request of the attorney to appeal, and a promise by the attorney to petitioner to appeal. Either is sufficient to warrant the requested relief.

Petitioner's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of the County of Los Angeles is directed to file a notice of appeal in this case if one is tendered to him by petitioner or his appointed counsel within 10 days after finality of this opinion, and, if such notice is filed, to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., and Burke, J., concurred.