[Crim. No. 7943. In Bank. Mar. 9, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CLIFFORD T. COLLIER, Defendant and Appellant.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

544

Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioner seeks relief from his default in failing to file his notice of appeal in a criminal case within the 10-day period specified by rule 31(a) of the California Rules of Court. That rule provides for relief from default in a proper case. ▮ The power to grant such relief should be liberally exercised to avoid, if possible, the loss of the right to appeal. The prior cases announcing and applying that liberal rule have been cited and reviewed in *People* v. *Curry, ante,* p. 207 [42 Cal.Rptr. 17, 397 P.2d 1009] (see also *In re Notz, ante,* p. 423 [42 Cal.Rptr. 321, 398 P.2d 593]).
▮ The rules of these cases were summarized as follows in the *Curry* case, *supra* (at p. 210) : "Under the rules of these cases it is now settled that where there is a request to appeal within the 10-day period by the defendant, and a

promise of the attorney to do so, or where there is such a promise but no such request, or where there is such a request but no promise, absent grounds of waiver or estoppel, the defendant is entitled to relief.''

In the present case the weight of the evidence shows that petitioner, within the 10-day period, expressed to his attorney his desire to appeal, and that the attorney failed to take the required steps to perfect the appeal or to inform his client of the proper procedure. Therefore, the requested relief from default should be granted.

On February 13, 1964, in the Superior Court of Kern County, defendant was found guilty of two felonies. He was sentenced that same day. From that date, and for about 10 days thereafter, he remained in custody in the county jail. After February 13th, he did not see his trial counsel until February 21st, because the attorney was ill and hospitalized or home in bed during that period. On the 21st the attorney called on petitioner, who was still in the county jail. At that time petitioner expressed his desire to appeal. The attorney did not promise to appeal, although he expressed the opinion an appeal would be without merit. However, he did not tell petitioner that he would not appeal, nor did he explain the procedure of appeal to the defendant, or attempt to secure for defendant new counsel.

After petitioner was transferred to the state facility, under date of February 26, 1964, he wrote to the trial judge inquiring about the status of his case. Although awkwardly expressed, this letter was treated as a notice of appeal, but petitioner was notified, quite properly, that the notice was ineffective because several days late, and that relief from his default would have to be sought elsewhere. There followed a series of letters from petitioner to the trial judge, and a letter from the trial attorney to petitioner. From these letters it developed that no notice of appeal had been filed during the 10-day period. Thereupon, petitioner applied to the appellate court for relief from his default. Upon denial of that request, a petition for hearing was granted by this court. Counsel was appointed to represent petitioner, and a referee appointed to ascertain the facts. The referee selected, the Honorable Jordan L. Martinelli, Retired Judge of the Superior Court of the County of Marin, was directed to hold a hearing to ascertain what petitioner, within the 10-day period, stated to his attorney, if anything, in regard to an appeal, whether petitioner believed in good faith that his attorney would file a notice of appeal, and what, if any-

thing, the attorney said or did with regard to an appeal during the 10-day period.

The referee held the required hearing and found that within the 10-day period petitioner informed the attorney that he wanted to appeal, that petitioner did not believe in good faith that the attorney would file the notice, and that the attorney discussed the subject of appeal with petitioner, but did not inform him of the required procedure. In his complete report the referee analyzed the evidence and pointed out that both petitioner and the attorney testified that the subject of appeal was discussed by them on the 21st; that the weight of the evidence is to the effect that at that time the attorney did not promise to appeal but expressed the thought the appeal would lack merit; that on the other hand the attorney admitted that he did not then or at any time tell petitioner he would not file the required notice, nor did he tell petitioner of the limited time involved or of the procedure to be followed. The referee concluded that the attorney should not have ignored the request of his client, that he was under a duty to file the notice, and that in his opinion the requested relief should be granted.

These findings, although partially based on conflicting evidence, are amply supported by the record. While they are not binding on this court, they are entitled to great weight. After reading the record, we adopt them as the findings of this court.

Finding number 2 to the effect that petitioner did not in good faith believe that his attorney was going to file the notice of appeal does not require that relief from default should be denied. Read in context with the other findings, and with the record, we interpret that finding to mean that although petitioner told his attorney that he wanted to appeal, the attorney did not promise to do so, and that petitioner had no good reason to believe that such a promise had been made. But such a promise is not required. When the client expresses to his trial attorney his desire to appeal, the attorney becomes dutybound to file such a notice, or to make it quite clear to the client that the attorney does not intend to file the notice. Even then, the attorney is under a duty to explain the proper procedure to his client, or to secure for him new counsel. Here the attorney did none of these things. Under such circumstances, the rule announced in *People* v. *Diehl*, *ante*, p. 114 [41 Cal.Rptr. 281, 396 P.2d 697], is applicable. In that case, after pointing out that a criminal defendant is constitutionally entitled to counsel during the 10-day period, this court said (at pp. 117-118): "Of course, the trial attor-

ney is under no obligation to represent the defendant on the appeal, but where the defendant clearly indicates, as he did here, that he desires to appeal, the trial attorney is under a duty not to ignore that request. The trial attorney is under a duty either to file the notice of appeal, or to instruct the defendant as to the proper procedure, or to see that the defendant has counsel to do these things for him.'' Absent any of these, where the desire to appeal has clearly been communicated, and the attorney takes no steps to protect his client, there being no ground for waiver or estoppel, the petitioner is entitled to relief from his default. That is this case.

Petitioner's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of Kern County is directed to file the letter from petitioner addressed to the trial judge and dated February 26, 1964, as a notice of appeal, and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., and Burke, J., concurred.