[Crim. No. 8296.   In Bank.   Apr. 16, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. TONY DAVID MADRID, Defendant and Appellant.

Tony David Madrid, in pro. per., and Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioner seeks relief from his default in failing to file his notice of appeal in a criminal case within the 10-day period specified by rule 31(a) of the California Rules of Court. That rule permits relief from such a default in a proper case. (*People* v. *Casillas,* 61 Cal.2d 344 [38 Cal. Rptr. 721, 392 P.2d 521].) ▮ The power thus conferred should be liberally exercised to avoid, if reasonably possible, the loss of the right to appeal. Many of the prior cases applying that liberal rule of construction have been cited and reviewed in *People* v. *Curry, ante,* p. 207 [42 Cal.Rptr. 17, 397 P.2d 1009]. (See also *In re Notz, ante,* p. 423 [42 Cal.Rptr. 321, 398 P.2d 593]; *People* v. *Collier, ante,* p. 543 [43 Cal.Rptr. 1, 399 P.2d 569]; and *People* v. *Krebs, ante,* p. 584 [43 Cal.Rptr. 331, 400 P.2d 323].)

▮ In the *Curry* case, *supra, ante,* at page 210, it was stated: "Under the rules of these cases it is now settled that where there is a request to appeal within the 10-day period by the defendent, and a promise of the attorney to do so, or where there is such a promise but no such request, or where there is such a request but no promise, absent grounds of waiver or estoppel, the defendant is entitled to relief."

▮ In *People* v. *Diehl, ante,* pp. 114, 117-118 [41 Cal.Rptr. 281, 396 P.2d 697], the duty of the trial attorney in such cases was stated as follows: "Of course, the trial attorney is under no obligation to represent the defendant on the appeal, but where the defendant clearly indicates . . . that he desires to appeal, the trial attorney is under a duty not to ignore that

request. The trial attorney is under a duty either to file the notice of appeal, or to instruct the defendant as to the proper procedure, or to see that the defendant has counsel to do these things for him.''

The rules of these cases are here applicable. The record shows that on February 24, 1964, defendant, in the Superior Court of Los Angeles County, was sentenced to the state prison. No notice of appeal was offered for filing until July 20, 1964. Filing was refused, whereupon this proceeding was commenced.

The Honorable Thomas P. White, Retired Associate Justice of the California Supreme Court, was appointed as a referee to ascertain the facts. ▮ At the hearing before him the defendant testified that immediately after being sentenced, and while still in the courtroom, he had a conversation with his trial attorney, in which he asked the attorney to appeal, and that the attorney promised to do so. The attorney, while admitting a conversation with defendant at that time and place, denied that he then, or at any time, promised to appeal. He testified that he told defendant an appeal would lack merit, and instructed him about the procedure in reference to an appeal. Admittedly, however, the attorney did not then, or at any time, give to defendant a copy of the information, a record of the preliminary hearing, or any portion of the file in the case. Nor did he inform defendant of the form or required contents of a notice of appeal. The referee resolved the conflict in favor of defendant. He found that ''Petitioner did tell his attorney he wanted to appeal and claims the attorney stated he would do so.'' That finding is supported by the record, and, although based on conflicting evidence, under the applicable rules of construction, was properly resolved in favor of protecting the right to appeal. The finding is adopted as the finding of this court and is to the effect that within the 10-day period the defendant requested his trial attorney to appeal and reasonably believed that his attorney would do so. Under the rules already stated, absent grounds of waiver or estoppel, the defendant is entitled to relief.

▮ The referee found there were no grounds for a waiver or estoppel. That finding is also supported and is adopted as the finding of this court. The facts relevant to this issue are that after being sentenced on February 24, 1964, defendant was kept in the county jail for about three weeks, was then sent to the Chino Guidance Center, where he remained about eight weeks, and then was sent to San Quentin, where he

arrived early in May. While at Chino the defendant testified that he wrote to his trial attorney about his appeal, but received no reply. The attorney testified that he did not remember such a letter, but very fairly admitted that such a letter may have been sent to him, saying, ''I simply don't recall whether he did or did not.'' The referee found that such a letter had been sent. This finding is also adopted as the finding of this court.

Defendant testified that after he arrived at San Quentin he did not become concerned about not hearing anything regarding his appeal until July, because he knew such matters take time. In July after corresponding with the trial court, he learned that a notice of appeal had not been filed. He attempted to file such a notice on July 20, 1964, about five months after he had been sentenced. Certainly this period is not sufficient, alone, to support a finding of waiver or estoppel. In *People* v. *Johnson*, 61 Cal.2d 843 [40 Cal.Rptr. 708, 395 P.2d 668], the delay was seven months, and it was held that when a person is incarcerated and reasonably believes that his attorney is handling the appeal, such a delay does not bar relief. That rule is here applicable.

■ The Attorney General contends, however, that the record shows that defendant did not decide to appeal until after he arrived at San Quentin and learned about several cases recently decided by the United States Supreme Court that might affect his case. These cases were decided in June of 1964, long after the 10-day period had elapsed. There is some support for this theory in the record, but this evidence does not compel such a conclusion. The defendant denied the contention, and explained the delay on the ground that he was relying on the promise of his attorney. This conflict was resolved by the referee in favor of defendant, and we adopt his finding in this regard.

The Attorney General argued this conflict, and other conflicts in the evidence before the referee, and his memorandum in this regard has been filed with and read by this court. Under the rules applicable in such cases the referee, as already pointed out, resolved these conflicts in favor of defendant. We have adopted the referee's findings and approve of his recommendation to grant the requested relief.

Defendant's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of Los Angeles County is directed to file the notice of appeal that was ten-

606

dered to him, and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.