[Crim. No. 8529. In Bank. May 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. EDDIE LESLIE DAVIS, Defendant and Appellant.

Eddie Leslie Davis, in pro. per., and Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioner, under rule 31(a) of the California Rules of Court, seeks relief from his default in failing to file his notice of appeal within the 10-day period required by that rule. The rule itself provides for the granting of such relief in a proper case, and it is now settled law that the power thus conferred should be liberally exercised to avoid, if reasonably possible, the loss of the right to appeal. (See *People* v. *Madrid, ante,* pp. 602, 603 [43 Cal.Rptr. 638, 400 P.2d 750], where many of the prior cases so holding are cited and discussed.)

 The Attorney General and counsel for the petitioner, after examining the record, with commendable objectivity and fairness, have stipulated that without appointing a referee, without placing the case on the calendar for oral argument, and without the filing of briefs, the cause may be submitted upon the record on file. In a letter to this court dated April 23, 1965, the Attorney General, again with commendable fairness and objectivity, practically concedes that the requested relief should be granted. He states that upon examination of the record, and upon independent investigation, ''I am of

the opinion that a result favorable to the People is not reasonably foreseeable in view of the decisions of this court requiring the referee to resolve doubts in favor of the filing of a late notice of appeal.'' The same letter states that the Attorney General has consulted with the attorney who represented Davis on the trial, and while such attorney denies that he promised to file a notice of appeal, and while the Attorney General has some evidence of a waiver and estoppel ''such evidence would not compel a finding in favor of the People and would not justify the delay and expense of a reference hearing.''

In view of these concessions little need be said about the facts of this case. It appears that petitioner was sentenced by the San Diego Superior Court on March 13, 1964. He presented for filing his belated notice of appeal some seven months later on October 2, 1964. From the uncontradicted allegations of the petition for relief filed by petitioner it appears that he was, at the time of conviction, ignorant of appellate procedures; that the trial attorney failed to inform petitioner of his legal rights or of the procedures incident to an appeal; that petitioner reasonably believed that his counsel would file a notice of appeal; that after he was sentenced he was unable to communicate with his counsel; that he did not learn that an appeal had not been filed until just prior to the date he attempted to file the belated notice of appeal; that after he was sentenced and while still in the county jail in San Diego he asked the sheriff's department to get him an appeal form but was told by a deputy that petitioner's attorney would file the required notice because he had promised to do so.

The trial attorney denies promising to appeal, but reasonable doubts on this issue should be resolved in favor of petitioner so as to protect the right of appeal. (*People* v. *Madrid, supra, ante,* p. 602, and cases cited.) Under well-settled law the alleged facts, uncontradicted for the most part, warrant the granting of relief from the default.

As was said in *People* v. *Tucker,* 61 Cal.2d 828, 832 [40 Cal.Rptr. 609, 395 P.2d 449] : ''It seems quite clear that, regardless of the technical legal status of the trial attorney after conviction, a defendant who desires to appeal is entitled to protection during this vital 10-day period. Although the act of filing a notice of appeal is purely mechanical, its timely performance is vital. Help to an uninformed client in such circumstances is indispensable.'' (See also *People* v. *Flanagan,*

*ante,* pp. 63, 66 [41 Cal.Rptr. 85, 396 P.2d 389]; *People* v. *Diehl, ante,* pp. 114, 117 [41 Cal.Rptr. 281, 396 P.2d 697]; *People* v. *Curry. ante,* pp. 207, 210 [42 Cal.Rptr. 17, 397 P.2d 1009].)

 The explanation of the delay—incarceration, ignorance, and inability to communicate with his counsel—is sufficient to excuse the seven-month delay. (*People* v. *Johnson,* 61 Cal.2d 843 [40 Cal.Rptr. 708, 395 P.2d 668].)

Defendant's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of the County of San Diego is directed to file the notice of appeal and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., and Burke, J., concurred.