[Crim. No. 8736. In Bank. Aug. 30, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JERRY JOSEPH GARCIA, JR., Defendant and Appellant.

Jerry Joseph Garcia, Jr., in pro. per., and Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—This is a petition by Jerry Joseph Garcia, Jr., for relief from default because of the late filing of a notice of appeal. ■ Under rule 31(a) of the California Rules of Court the power is conferred upon the appellate courts to grant relief in proper cases from a late filing. It is settled by the case law that the power thus conferred should be liberally exercised to protect the right to appeal where reasonably possible. (*People* v. *Casillas*, 61 Cal.2d 344 [38 Cal.Rptr. 721, 392 P.2d 521] ; *People* v. *Madrid*, 62 Cal.2d 602 [43 Cal. Rptr. 638, 400 P.2d 750], and cases cited.)

This case has been before us on a prior occasion. After the District Court of Appeal had denied relief, we granted a hearing, and returned the case to that court "with directions to proceed in accordance with the procedure adopted in

*People* v. *Tucker,* 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 449].'' In the *Tucker* case, in the face of allegations substantially similar to those here involved, we appointed a referee to determine the truth of those allegations. On conflicting evidence, substantially similar to what developed in the instant case, the referee determined the conflict in favor of the petitioner there involved, and recommended the granting of the requested relief. We adopted the findings of the referee and granted relief. In the present case, the District Court of Appeal did not follow this procedure. It made what it called an ''independent inquiry,'' which consisted of having one of the justices of the court telephone the counsel who had defended petitioner at the trial, a deputy public defender. Upon the representation by that deputy, over the telephone, that petitioner had not made a request to appeal, the petition was again denied. We again granted a hearing because the District Court of Appeal did not proceed as directed, and did not use a proper method to decide a controverted question of fact.

The facts are not complicated. Petitioner was charged by information in Count One with an assault with a deadly weapon with intent to commit murder, and in Count Two with an assault with a deadly weapon. After a jury trial, in which he was represented by a deputy public defender, he was found guilty on Count One and not guilty as to Count Two. On October 4, 1963, he was sentenced for the term prescribed by law. On October 28, 1963, he caused to be filed with the superior court a purported notice of appeal. He was properly informed that the notice was late and relief should be sought in the appellate courts. After some delay, relief was sought in the District Court of Appeal and denied.

From the record it was apparent that there was a conflict in the evidence between petitioner and his trial attorney. To resolve that conflict we appointed the Honorable Thomas P. White, Retired Associate Justice of this court, as referee. A hearing was held at which petitioner and the attorney testified.

On the issue whether the petitioner had requested his trial attorney to file a notice of appeal the referee found ''that Petitioner did, at the time the guilty verdict was rendered, request his then trial attorney to file a Notice of Appeal or as Petitioner put it to secure for him 'a retrial,' and that Petitioner's trial attorney told the former he would come to see him in the County Jail with regard thereto, but did not do

so. I find that the failure of trial counsel to remember whether he advised Petitioner of 'the steps he should take to prepare and file a Notice of Appeal' . . . must be resolved in favor of Petitioner's affirmative claim that no such advice was given him.''

The referee also found that ''Petitioner did reasonably believe that his then trial attorney would comply with the request of the former that the attorney file a Notice of Appeal or as Petitioner understood it 'a retrial.' ''

These findings are based on a careful review of the record by the referee. The evidence is conflicting, but there is credible, convincing, and substantial evidence to support the findings. ▇ While these findings are not binding on this court, they are entitled to great weight. (*In re Riddle,* 57 Cal.2d 848, 853 [22 Cal.Rptr. 472, 372 P.2d 304].) ▇ We have independently reviewed the record. Keeping in mind the liberal rule of construction set forth in *People* v. *Casillas, supra,* 61 Cal.2d 344, 346, and *People* v. *Curry,* 62 Cal.2d 207, 208 [42 Cal.Rptr. 17, 397 P.2d 1009], and also keeping in mind the admonition in *People* v. *Davis,* 62 Cal.2d 806 at page 808 [44 Cal.Rptr. 441, 402 P.2d 129], that ''reasonable doubts on this issue should be resolved in favor of petitioner so as to protect the right of appeal,'' the conflicts in the evidence were properly resolved by the referee in favor of petitioner. We adopt these findings as the findings of this court.

Such findings warrant the granting of relief under rule 31(a) unless petitioner has waived his rights or is estopped. On these issues the referee found that ''Petitioner did not waive his right to a delayed appeal and that there is no reason for an estoppel.'' There is evidence on this issue that might support a contrary finding, but there is ample substantial evidence to support it.

▇ The problem is whether or not petitioner was guilty of an unreasonable delay in seeking relief from his default.

The dates are not in dispute. Petitioner was sentenced on October 4, 1963. He caused to be filed a late notice of appeal on October 28, 1963, and was notified a few days later that no proper notice of appeal had been filed and that his remedy was to seek relief in the appellate courts. Whether petitioner understood this notice is not clear from the record. Relief was sought on September 29, 1964. Delays since that date have been caused by the courts.

Thus petitioner delayed nearly a year in seeking relief. This delay, unexplained, could be the basis for a finding of

waiver or estoppel. Although rule 31(a) contains no express time limitations on its operation, we think an unexplained delay of nearly a year from the time of sentence could constitute a waiver or estoppel. But here the delay was explained. Petitioner can barely write, and reads with difficulty. The notice of appeal sent to the county clerk on October 28, 1963, was prepared in the Chino Guidance Center by another inmate, and petitioner apparently did not know what it contained or to whom it was directed. On October 31, 1963, petitioner was sent to Vacaville where he remained until July 23, 1964. In explanation of his failure to take any steps to protect his rights during the nine months he was in Vacaville he stated that during most of that time ''they put me in the hole,'' because of an infraction of prison rules. He was sent to Folsom on July 23, 1964. Almost immediately he got an inmate to prepare a letter which he copied and sent to the county clerk requesting the name of his trial counsel and certain documents. Shortly thereafter he filed his motion for relief. Although the question is a close one, the referee found no waiver or estoppel and we are not inclined to disturb that finding, and adopt it as the finding of this court.

The promise of the attorney to appeal, petitioner's reasonable reliance on that promise, the failure of the attorney to communicate with him as promised, or to advise him of his rights, petitioner's inability to write and his difficulty in reading, the doubt that exists that he understood the notification sent in reply to the notice of appeal of October 28th, his transfer from the county jail to Chino, then to Vacaville and then to Folsom, and his relative isolation in Vacaville, all are facts which when considered together are sufficient to explain what otherwise would seem an unreasonable delay.

Petitioner's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of the County of Los Angeles is directed to file the notice of appeal and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.