[Crim. No. 9159. In Bank. Feb. 24, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. GENE HATTEN, Defendant and Petitioner.

Gene Hatten, in pro. per., and Frank C. Morales, under appointment by the Supreme Court, for Defendant and Petitioner.

Thomas C. Lynch, Attorney General, Ronald W. Tochterman and Gordon Ringer, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—Defendant seeks relief from his default in failing to file a notice of appeal in a criminal case within the 10-day period specified in rule 31(a) of the California Rules of Court. That rule provides for relief from default in a proper case.[1]

The power conferred by the rule is to be liberally exercised to avoid, if possible, the loss of the right to appeal. It is now settled law that where the defendant, during the 10-day period, requests his attorney to appeal and the attorney promises but fails to do so, or where there is such a request but no promise, or where there is such a promise but no request, the defendant is entitled to relief. (See cases collected *People* v. *Curry,* 62 Cal.2d 207 [42 Cal.Rptr. 17, 397 P.2d 1009].)

The basic question presented in the instant case is whether the right to relief should be extended to a situation where there is neither a promise nor a request, but where the defendant is ignorant of his rights, and the trial attorney has not informed him of his right to appeal or of the procedures involved in exercising it. For reasons hereafter stated, we do not think the courts by judicial decision should so extend the rule. The right to appeal is, of course, statutory in nature. If such an extension is to be made it should come by rule or statute and not by judicial decision.

In his petition the defendant attempted to state a case within the ambit of the rules already established. He alleged a request to appeal and a promise by his attorney to do so. It is alleged that he was convicted and sentenced on a charge of the sale of marijuana in the Superior Court of

---

[1]That rule, after providing that an appeal must be filed within 10 days of the date of sentence, then provides:

"Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

Ventura County on December 29, 1964; that shortly after sentencing he told his trial attorney that he wanted to appeal and the attorney promised he "would make the arrangements." No appeal was filed during the 10-day period. A late notice was filed in the superior court on April 30, 1965. The clerk, properly, refused to file the notice but informed defendant of his remedy under rule 31(a). Thereafter, the present petition was filed.

 If the allegations of the petition were in accordance with the facts, defendant, of course, would be entitled to the requested relief. To ascertain the truth of these allegations this court appointed counsel for defendant, and appointed as the referee for this court the Honorable Jordan L. Martinelli, retired judge of the Superior Court of Marin County. The referee held a full hearing at which defendant and his trial counsel appeared and testified.

In response to appropriate questions submitted to him by this court, and after the hearing, the referee found "that within ten days of the rendition of judgment and imposition of sentence and on December 29th, [1964] Defendant Hatten said nothing to his then attorney . . . in regard to an appeal"; that "within said ten day period . . . [the attorney] said nothing to Defendant Hatten in regard to an appeal"; and that "Defendant Hatten is estopped and has waived his right to move for a delayed appeal." In support of these findings the referee filed a complete analysis of the evidence produced at the hearing. Such findings are, of course, not binding on this court, but they are entitled to great weight. (*In re Riddle,* 57 Cal.2d 848, 853 [22 Cal.Rptr. 472, 372 P.2d 304]; *People* v. *Johnson,* 61 Cal.2d 843, 845 [40 Cal. Rptr. 708, 395 P.2d 668].) We have independently reviewed the record. Such review impels the conclusion that the referee's findings should be adopted by this court, and they are so adopted.

If we indulge in all reasonable inferences in favor of defendant, the most that the record shows is that, prior to trial, Hatten had several conferences with his trial attorney to discuss the attorney's recommendation that Hatten plead guilty in consideration of the dismissal of a charge of a narcotic prior, and to discuss whether the case, if tried, should go before the court or a jury. Hatten refused to plead guilty, and was positive that he wanted to be tried before a jury. During these discussions Hatten stated, incidentally, that he wanted to go "all the way . . . to the next court." This

statement was repeated by defendant to the attorney several times thereafter, up to and including the day of sentence. The attorney did not understand that these statements expressed a desire to appeal, and admittedly the attorney made no promise to take an appeal.

On the same day on which he was sentenced, defendant was sent to Chino, and after two months was sent to Soledad. After a short stay there he was sent to Folsom. There he learned of rule 31(a) and his rights thereunder. He also learned that no appeal had been filed. Although he later alleged in the present petition, and testified at the hearing, that until he learned about rule 31(a) at Folsom he believed that his attorney had made "arrangements" for an appeal, he made no attempt to communicate with his attorney until April 11, 1965, and then, although he then knew no appeal had been filed, said nothing about the appeal or of the attorney's failure to file the notice. In that letter he simply told his attorney that in the law library at Folsom he had found several cases that might prove of help to him in gaining his freedom and asked the attorney to send him certain legal documents. The letter closed with an expression of appreciation for past services and any future aid that might be rendered. The attorney sent the requested documents. There is not one word in this correspondence to indicate that defendant believed that his attorney had promised to file an appeal or that he had been requested to do so.

Under this evidence, the findings of the referee that there was neither a request nor promise to appeal are clearly correct. The most the record shows is that defendant may have believed when he stated he wanted to "go all the way . . . to the next court" that he was expressing a desire to appeal if he lost at the trial, but certainly the lawyer did not so understand the statement. But even this inference becomes questionable in view of petitioner's subsequent actions, and particularly in view of the correspondence to which reference has been made.

Reasonably construed the most the record shows is that defendant was ignorant of his right to appeal, ignorant of the procedures incident to an appeal, and that the attorney did not inform him either of the right to appeal or of the necessary procedure to perfect an appeal. (Entire ignorance of the right to appeal from an adverse judgment seems, however, irreconcilable with the solemn allegations of his own petition.) We think the record demonstrates that defendant was ignorant

of these matters until he got to Folsom, talked to some of the inmates, visited the law library and learned of rule 31(a) and the possibility of filing a late appeal. He then determined to appeal and took the requisite steps to do so.

Thus, the question presented is whether a defendant is entitled to relief where the record shows no promise or request to appeal, but does show he was ignorant of his appeal rights during the critical 10-day period, and as a result failed to request the attorney to take an appeal. Strong arguments of policy can be made in support of such a right.[2] An indigent defendant is entitled to counsel at trial, if he so desires. (*Gideon* v. *Wainwright*, 372 U.S. 335, 343 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733]; *Johnson* v. *Zerbst*, 304 U.S. 458, 465 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357].) Likewise, an indigent is entitled to counsel on appeal. (*Douglas* v. *California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811].) It can be argued that an indigent should be entitled to advice of counsel during the period after sentence and before the notice of appeal must be filed. But neither this court, nor the federal courts, have as yet held that, in the absence of a request, the defendant must be advised either by the court or trial counsel of his right to appeal, or of his other rights to review, directly or collaterally, the trial proceedings. Certainly, in the absence of request, he need not be informed of his right to petition for *coram nobis* or habeas corpus, or of his right to certiorari to the United States Supreme Court. The right now claimed is comparable to those rights. If the rule is to be extended it should be extended by rule or by statute, and not by judicial decision.[3]

There appears to be no equivalent of rule 31(a) in the federal system, either by rule or by decision.[4] It should be,

---

[2]In *United States* v. *Robinson*, 361 U.S. 220, 229 [80 S.Ct. 282, 4 L.Ed.2d 259], it was stated: ''That powerful policy arguments may be made both for and against greater flexibility with respect to the time for the taking of an appeal is indeed evident. But that policy question, involving, as it does, many weighty and conflicting considerations, must be resolved through the rule-making process and not by judicial decision.''

[3]The Judicial Council of the State of California at present is studying the problem as to whether rule 31(a) should be extended to cover cases of ignorance.

[4]Rule 37(a)(2) of the Federal Rules of Criminal Procedure provides: ''When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant.'' This limited rule does not apply where the defendant is represented by counsel. Under existing federal decisions a defendant's lack of knowledge of his right to appeal caused by his trial counsel failing to inform him does not give the defendant the

noted that if a mere showing of ignorance is sufficient to bring into operation the beneficent provisions of rule 31(a) then the 10-day provision of that rule becomes practically meaningless because a defendant's evidence of ignorance would be almost impossible to rebut.

The petition for relief is denied.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

right to file a late appeal. (Cf. *Hodges* v. *United States,* 368 U.S. 139, 140 [82 S.Ct. 235, 7 L.Ed.2d 184], Justices Douglas, Black and the Chief Justice dissenting.) In fact, under the federal decisions even where the defendant during the 10-day period expresses a desire to appeal but none is taken due to the fact of negligence of the attorney, the defendant is entitled to no relief. (*Berman* v. *United States,* 378 U.S. 530 [84 S.Ct. 1895, 12 L.Ed.2d 1012], Justices Black, Douglas, Goldberg and the Chief Justice dissenting.)