[Crim. No. 9560.   In Bank.   Apr. 25, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD OVIDE PERRIN et al., Defendants and Appellants.

Donald Ovide Perrin and Michael Henry Perrin, in pro. per., and Frank C. Morales, under appointment by the Supreme Court, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, and John L. Giordano, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—This is a petition for permission to file a delayed notice of appeal under rule 31(a) of the California Rules of Court. The Attorney General, after investigation of the case, with commendable fairness, has informed the court that he does not oppose the granting of the requested relief.

■ This is a case where relief is clearly justified. The record shows that the two defendants, after a joint trial, were convicted of burglary. On August 9, 1965, they were sentenced to the state prison. They aver that after conviction and before sentence their privately retained counsel promised to appeal. On August 9, 1965, the attorney did make an oral motion to appeal which was ineffective because not in writing. No written notice was filed within the required 10-day period. On August 13, 1965, the two defendants were admitted to the Reception Guidance Center at Vacaville. On this same day it is averred they made written request to use the law library in order to learn the procedure required to take an appeal. Permission was not granted to use the law library until August 20, 1965, 11 days after sentencing. The permission slip so dated is attached to the petition. Petitioners aver that on this same day they mailed a notice of appeal to the Fresno Superior Court. This notice was acknowledged by the clerk of that court who informed them of rule 31(a) and their right to petition the appellate court for relief. This petition for relief from default followed.

It is a reasonable inference from the record that petitioners requested their attorney to appeal, or that he promised to do so. This is generally denied by affidavit of the attorney, but he does concede that some mention of an appeal and defendants' rights thereto were discussed. ■ In petitions under rule 31(a), as a matter of policy, we have determined that reasonable doubts should be resolved in favor of preserving the right of appeal. (*People* v. *Diehl*, 62 Cal.2d 114, 117 [41 Cal.Rptr. 281, 396 P.2d 697]; *People* v. *Casillas*, 61 Cal.2d 344, 346 [38 Cal.Rptr. 721, 392 P.2d 521].) ■ Either a request that the attorney file the notice of appeal or a promise on his part to do so is sufficient grounds for relief under rule 31(a). (*People* v. *Curry*, 62 Cal.2d 207, 210 [42 Cal.Rptr. 17, 397 P.2d 1009].)

■ In the instant case defendants moved promptly. They mailed their notice but one day late, and on the very day they discovered the existence of the 10-day period prescribed in rule 31(a). Relief has been granted where the notice was five

months late (*People* v. *Madrid,* 62 Cal.2d 602 [43 Cal.Rptr. 638, 400 P.2d 750]), seven months late (*People* v. *Davis,* 62 Cal.2d 806 [44 Cal.Rptr. 441, 402 P.2d 129]), and eleven months late (*People* v. *Garcia,* 63 Cal.2d 265 [46 Cal.Rptr. 324, 405 P.2d 148]). The short delay here was adequately explained. There is no basis to support a finding of waiver.

Defendants' application for relief under rule 31(a) is granted. The clerk of the Superior Court of the County of Fresno is directed to file the proffered notices of appeal, and thereafter to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., Burke, J., concurred.