[Crim. No. 9655.   In Bank.   May 24, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR LEROY RAPP, Defendant and Appellant.

David R. Cadwell for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioner applies for relief under rule 31 (a) of the California Rules of Court, or for an order directing the Clerk of the Superior Court of the County of Orange to file a notice of appeal claimed by petitioner to have been constructively filed by him within the time required by law.

Counsel for the parties have stipulated as to the facts and have agreed to submit the case on that stipulation. Both counsel are to be commended for such procedure. It has eliminated the necessity of appointing a referee, with a consequent saving of time and money, and has conserved the time of this court by not requiring it to calendar the cause.

Under the stipulated facts, petitioner is clearly entitled to relief. He was charged and convicted in the County of Orange of violations of sections 288 and 288a of the Penal Code. He was sentenced to prison on February 19, 1965. On March 3, 1965, two days late, the clerk of the superior court of that county received a notice of appeal from petitioner which was stamped indicating that it had been received by the officials at Chino for mailing on February 28, 1965. The clerk refused to file it, and notified petitioner that the notice had been received late and that relief from such late tender should be sought in the appellate court. Such relief was not sought until October of 1965, some eight months later.

The stipulation shows that three days after the date of sentence, petitioner was visited by Attorney Cadwell. Petitioner told Cadwell that he wanted to appeal, and asked Cadwell to handle it for him. The attorney quoted a fee. Petitioner suggested that Cadwell contact a Mrs. Valentine to see if she could raise the fee. Mrs. Valentine told the attorney that she could not raise the money to finance the appeal. The attorney

then told Mrs. Valentine to tell petitioner that he must file his notice of appeal within 10 days after February 19th.

In the meantime, petitioner had been transferred from the county jail to Chino, and Mrs. Valentine was unable to visit him there until Sunday, February 28, 1965. This was the ninth day after the date of sentence. Mrs. Valentine conveyed the message from the attorney, and on that same day petitioner signed a form notice of appeal. He then tried to reach his corrections officer, a Mr. Fleet, who was not then on duty. At petitioner's request, a sergeant at the prison contacted Fleet at his home. Fleet informed the sergeant to have the copies of the notice of appeal time-stamped and placed in the mail. These things were done by the sergeant. But because the 28th was a Sunday there was no outgoing mail from Chino on that day. As a result the notice of appeal was not received by the Clerk of the Superior Court of Orange County until March 3, 1965. This was apparently two days late, but as already noted, the notice of appeal had been time-stamped as received for mailing at Chino on the 28th. The clerk marked the notice as received March 3, 1965, but did not file it. He notified petitioner of the late filing procedure to be followed in the appellate court. Mr. Fleet, petitioner's correction counselor, immediately wrote the clerk explaining the circumstances surrounding the mailing of the notice of appeal, but the clerk responded that the notice could not be filed without an order from the appellate court.

In the meantime, other relevant events had occurred. About March 5th Attorney Cadwell had agreed to represent petitioner without a fee for the purpose of attacking the judgment of conviction on the ground that it had been secured by perjured and coerced testimony. On May 18, 1965, the attorney filed a motion to vacate the judgment, that is, a petition for *coram nobis*. The motion was heard on June 16, 1965, and denied. The attorney appealed. This appeal was dismissed on November 8, 1965, and a hearing denied by this court on January 6, 1966.

The petitioner did not personally seek relief under rule 31(a) nor did he inform Cadwell that he had not done so. The attorney assumed that petitioner had sought such relief, and did not learn that such had not been done until October of 1965. Petitioner assumed that since he now had an attorney the latter would handle all phases of the case. On October 13, 1965, the attorney filed a petition requesting an order directing the clerk to file the notice of appeal.

Under these facts the notice of appeal was filed on time. ██ It is now well-settled law that when a prisoner hands a notice of appeal to the proper authorities at his place of incarceration within the 10-day period prescribed by rule 31(a) with instructions to mail it, there has been a constructive filing at that time. In such cases it is immaterial that the notice does not reach the clerk of the superior court until after the expiration of the 10-day period. Such a notice is presented in time and should be filed. (*People* v. *Slobodian*, 30 Cal.2d 362, 364 [181 P.2d 868]; *People* v. *Martin*, 60 Cal.2d 615, 617 [35 Cal.Rptr. 769, 387 P.2d 585]; *People* v. *Head*, 46 Cal.2d 886, 889 [299 P.2d 872].) The facts here stipulated obviously bring this case within that rule.

██ The eight-month delay in seeking direct relief cannot be considered a waiver or estoppel, even if this were a case where a proper notice had not been timely filed, and certainly cannot be so considered in a case, as here, where a timely notice has been constructively filed. We have heretofore indicated that a delay up to a year may be excusable if reasonably explained. (*People* v. *Garcia*, 63 Cal.2d 265, 269 [46 Cal.Rptr. 324, 405 P.2d 148].) ██ Here the delay was less than a year and reasonably explained. Although petitioner was notified early in March 1965 that he should proceed in the appellate court and did not do so until eight months later, he had an attorney after March 5th and reasonably believed the *coram nobis* proceeding was protecting his rights, and that the attorney was handling all phases of the case. The attorney reasonably believed petitioner had complied with the requirements of rule 31(a) but did not investigate because, if he had been successful on the *coram nobis* proceeding, relief under 31(a) would have become moot. Under these circumstances the eight-month delay did not effect a waiver or estoppel.

The notice of appeal being already on deposit with the Clerk of the Superior Court of Orange County, and it appearing that such notice was constructively filed within the 10-day requirement of rule 31(a), the clerk is directed to file such notice of appeal and thereafter to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.