**UNITED STATES of America,**
**Plaintiff,**

v.

**Charles Edward SANDERS, Defendant.**
**Cr. No. 13765.**

United States District Court
N. D. California, N. D.
June 15, 1966.

---

Cecil Poole, U. S. Atty., Rothwell Mason, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Richard L. Thurn, Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

After a trial by jury, having been found guilty of a violation of 18 U.S.C. § 2113(a), Bank Robbery, defendant was sentenced on January 23, 1964, to twenty years imprisonment. No notice of appeal from that judgment was received by the Clerk of the District within the ten day period set out in Rule 37(a) (2) of the Federal Rules of Criminal Procedure. Defendant has filed an "Application For Late Appeal" which asks the Court to determine that a notice of appeal[1] was in fact sent to the

1. The notice which the defendant claims to have sent did not conform to the requirements of F.R.C.P. Rule 37(a). In his letter to the court of February 27, 1964 defendant describes the notice as "asking for an extension over the time period allowed to file an appeal." While there is a real question as to whether such a letter, so nebulously described, could in fact be a notice of appeal, the Court, without passing on the question, will assume for purposes of this discussion that the notice sufficiently set forth an intention to appeal from the judgment in this case, especially in view of the fact that the courts are extremely liberal in construing the informally drawn documents of laymen as notices of appeal. Coppedge v. United States, 369 U.S. 438, 442 fn. 5, 82 S.Ct. 917, 8 L.Ed.2d 21 (1961) and cases collected therein; Sica v. United States, 325 F.2d 831 (Cir. 9, 1963); United States v. Duncan, 310 F.2d 367 (Cir. 7, 1962); Poe v. Gladden, 287 F.2d 249 (Cir. 9, 1961).

Clerk of the District Court by the defendant, which notice should have reached the Clerk within the ten day period in the normal course of events. Defendant then asks that the Clerk be directed to perfect the defendant's record on appeal. An attorney has been appointed to represent the defendant on his motion. The motion has been briefed and a hearing has been held to determine the facts.

The terminology "Application for Late Appeal" as applied to this proceeding is a misnomer. Clearly under United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1959), this Court does not have the power under F.R.C.P. Rule 45(b) to enlarge the ten day period set out in F.R.C.P. Rule 37(a) (2) so as to allow the late filing of defendant's notice of appeal. The ten day period has been held in *Robinson* to be jurisdictional and mandatory. What the defendant really asks is that the Court find that under the circumstances of this case defendant did all that was in his power to do to set the machinery of appeal in motion, so that it would have resulted in a timely notice of appeal in the ordinary course of events. Then defendant claims under Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964) that he would be entitled to have his record on appeal perfected so that he might have a determination of his appeal on the merits.

At the outset it should be noted that although Sanders is a layman with little formal education and no legal training, he is not altogether unfamiliar with the rules on appeal, having in a prior case successfully taken his appeal through the Court of Appeals for the Ninth Circuit to the United States Supreme Court. See 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962). More specifically by his own testimony Sanders testified that he knew of his right to appeal, that he was asked by his attorney if he wished to appeal, that he told his attorney he did not wish to appeal, and dismissed him. Further, the nature of the claimed notice of appeal in this case shows that Sanders was also aware of the time limitation on his right to appeal. This is not the type of case then where the running of the ten day period was tolled because counsel was discharged without having advised his client of the right to appeal as in Boruff v. United States, 310 F.2d 918 (Cir. 5, 1962), or in the absence of such advice, failing to protect his client's right by filing an appeal. See also the discussion in Hannigan v. United States, 341 F.2d 587 (Cir. 10, 1965). Nor is it a case in which the Clerk failed to act for an indigent, unrepresented defendant. In the case at bar the ten day period began to run on January 23, 1964, when judgment was entered, and ended on February 2, 1964.

After sentence was passed defendant was incarcerated at the Sacramento County Jail, while awaiting transportation to the Federal Penitentiary at McNeil Island, Washington. It was at the county jail on January 24, 25 or 26, according to the various statements of the defendant, that the defendant changed his mind and decided to appeal. The testimony at the hearing on defendant's motion has shown that the customary procedure at the jail required that the prisoners place their outgoing mail in unsealed stamped envelopes, and that the envelopes be placed between the bars of the prisoner's cell. A deputy sheriff would then pick up the mail daily, either immediately before or after the lights in the cells were turned off. The mail would then be taken to the control room where the next shift would censor, seal and post it, except for mail to attorneys and Courts, which would be sealed and posted without censorship.

Defendant testified that he was the sole occupant of his jail cell at the Sacramento County Jail. He testified that he sought and received advice as to the wording and spelling of his appeal from John Warren, a prisoner in a neighboring cell. He stated that because of the construction of the cell John Warren could see neither the defendant nor the bars of defendant's cell, nor could defendant see Warren. Defendant states that he put his notice of appeal in an envelope

addressed to the Clerk of the United States District Court, Sacramento, California. The envelope carried the defendant's return address and carried the proper postage. Defendant testified further that on January 24, 25 or 26, he placed the envelope between the bars of his cell. Defendant did not see anyone pick up the letter, but he claims that on awakening the next morning the letter was gone. Some time before February 10 defendant was transferred to McNeil Island. On February 10, 1964, defendant wrote to Frank Schmid, the then Clerk of the Court of Appeals for the Ninth Circuit, as follows:

"Dear Mr. Schmid:

"I would appreciate the following information concerning my case. I am quite concerned about the status of my appeal! I was sentenced on July 23rd 1964 by Judge Sherill Halbert U. S. District Court for the Northern Division. Please advise me at your earliest convenience."

Mr. Schmid replied that he had checked the files thoroughly and could find nothing with regard to Sanders' appeal. He suggested that Sanders check with the Clerk of the District Court at Sacramento. Mr. Sanders at that time started the present inquiry by letter to this Court.

The Court caused a search to be made of the Clerk of the District Court's offices in Sacramento and in San Francisco. No letter from Sanders sent during the period from January 23 to February 10 was found. The Court made further inquiry of the Clerk of the Court of Appeals to see if the letter might have been misdirected to that office. The only letter found in that Clerk's office from Sanders for this period was the letter of February 10 previously mentioned. An inquiry was made of the United States Post Office, and as of yet no such letter has been found by it. To date no one can recall having even seen the alleged letter of January 24, 25 or 26, except the defendant. The deputy sheriff whose duty it was to pick up the prisoner's mail does not recall seeing the letter. The deputy

sheriff in charge of the control room where the letter would be brought for censoring by the next shift did not see it. The deputy sheriff whose duty it was to censor mail that night did not recall seeing the letter. None of the various Clerks of the Courts has seen it, and the Post Office Department has not found the letter.

The only possible corroboration for Sanders' story is the testimony of John Warren, who testified that he was in a neighboring cell during the period that Sanders was celled in the Sacramento County Jail. The deputy sheriff has no recollection of a prisoner named Warren as having been in custody at the jail at the same time as Sanders. Further, both Warren and Sanders testified that they lived in the same dorm while being held at McNeil Island after their stay at the County Jail, and that they had conversations at McNeil Island. But, accepting the testimony of Warren as true, it is too vague to corroborate Sanders' testimony that he actually wrote a notice of appeal and placed it between the bars for mailing. Warren stated that he could not see Sanders, or the bars of Sanders' cell. He testified that he advised Sanders about spelling. Sanders did not tell Warren that he was then writing a notice of appeal. Warren stated that he assumed that Sanders was doing something about an appeal.

Sanders was the sole occupant of his cell, so that if such a letter did exist, it could not have been stolen by a cell mate. He said the letter could not have fallen back into the cell, because he would have found it there. There is no testimony that any one found the letter on the corridor floor that night, or the next day, and accidentally threw it away, or purposely took the letter. There is no showing that any of the deputy sheriffs had a grudge against Sanders and deliberately prevented his mail from going through. There is no showing that the defendant was treated any differently from any other prisoner at the County Jail during his stay. Seventy-five to one hundred pieces of prisoner mail were sent daily

from the jail, and there is no showing that a notice of appeal from the defendant would have been treated differently from the other prisoner mail. There is not the slightest inference of any type of individual or organized antagonism or prejudice against Sanders by the County Jail custodial staff which would indicate some special treatment of Sanders' mail. There is no indication of any failure of other mail of Sanders, or of other prisoners.

■ Rule 37(a) F.R.C.P. requires the filing of a notice of appeal. The burden of proof is on the defendant by a preponderance of the evidence to show that he filed his notice within the time limits of the rule. Here he attempts to assume that burden by his oral testimony as corroborated by the witness Warren. The Court finds that Sanders has failed to meet the burden because he has failed to prove that a written document, which could be called a notice of appeal from his criminal judgment, was ever presented to the custodial officers at the Sacramento County Jail for delivery to the Clerk of the United States District Court at Sacramento within the time allowed for appeal. In weighing the probabilities in such a case the trier of the fact must view the case in its full perspective. In this light the credibility status of Sanders is less than good or stable, and the system which he challenges is designed for his benefit as well as his custody. His recitation of how he told his attorney he did not want to appeal before discharging counsel, and then changing his mind without communicating with any court official suggests that he may have been planning to create an incident to set the stage for further litigation. In any event he failed to supply the necessary ingredient, the document, which was supposed to be mailed to the Clerk.

The case law in which relief has been granted seems to support the proposition that some notice must have been attempted to be filed with the clerk even though received in the clerk's office after the time for filing had expired. The case on which defendant relies, *Fallen*, supra, is in point. "On January 29, 14 days after sentencing, the clerk of the court in which petitioner had been convicted received letters from petitioner asking for a new trial and for an appeal." 378 U.S. 141, 84 S.Ct. 1691. It was this document which was held to be a sufficient notice of appeal. See also Williams v. United States, 88 U.S.App.D.C. 212, 188 F.2d 41 (1951); People v. Slobodion, 30 Cal.2d 362, 181 P.2d 868; People v. Rapp, 64 A.C. 699, 51 Cal.Rptr. 247, 414 P.2d 375. In the *Rapp* case it is worthy to note that Rapp called the attention of his custodians to the fact that he was filing an appeal.

■ The Court finds that Sanders did not write a notice of appeal and attempt to send it from the Sacramento County Jail to the Clerk of the District Court on January 24, 25 or 26, 1964, or on any other date which would have resulted in the notice of appeal's timely reception by the Clerk of the District Court.

It is therefore ordered that the defendant's Application for Late Appeal be, and the same is hereby denied.