[Crim. No. 10179. In Bank. Apr. 24, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ARMANDO CAMARILLO, Defendant and Appellant.

Armando Camarillo, in pro. per. and Frank C. Morales, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioner seeks an order permitting him to file a late notice of appeal pursuant to rule 31(a) of the California Rules of Court. ■ Rule 31(a) requires that notice of appeal in a criminal case be filed within 10 days after rendition of judgment but empowers appellate courts to grant relief from default in a proper case. This power is to be liberally exercised. (*People* v. *Ruch,* 65 Cal.2d 138, 139 [52 Cal.Rptr. 585, 416 P.2d 817].) Under this liberal rule petitioner has presented a proper case for relief.

In 1965 petitioner, then age 17, was charged with murder and felonious assault with a deadly weapon (Pen. Code, §§ 187, 245). He pleaded not guilty, and, at trial before a jury, was represented by private counsel retained by petitioner's family. The jury's verdicts found petitioner guilty of second degree murder and of the assault. He was sentenced November 29, 1965, and no notice of appeal was filed with the trial court.

On April 25, 1966, less than five months later, petitioner filed with the Court of Appeal, Second District, an application for leave to file a late notice of appeal on the ground that

he had requested his trial counsel to appeal, but he had not done so. The Court of Appeal denied relief and we granted a hearing because the petition filed here alleged a prima facie case for relief. (*People* v. *Curry,* 62 Cal.2d 207 [42 Cal.Rptr. 17, 397 P.2d 1009].) To ascertain the facts we appointed as referee the Honorable Thomas P. White, retired Associate Justice of this court. A hearing was held at which petitioner was represented by counsel. The People were represented by the Attorney General's office. Testimony was taken from petitioner, who testified in Spanish through an interpreter, and from his trial attorney. Based on the evidence there produced Justice White submitted proposed findings of fact, to which neither petitioner nor the Attorney General have filed objections. Counsel for both parties have also waived filing of briefs and oral argument. (Cf. *People* v. *Rapp,* 64 Cal.2d 643, 644 [51 Cal.Rptr. 247, 414 P.2d 375]; *In re Notz,* 62 Cal.2d 423, 425 [42 Cal.Rptr. 321, 398 P.2d 593].) These stipulations have expedited the determination of this case.

The referee found that immediately after the jury had returned its guilty verdicts, petitioner asked his trial counsel, in the courtroom, to appeal. Counsel replied that the case could be appealed, that there were substantial and meritorious grounds for appeal, but that he would not prosecute the appeal himself unless paid a fee of $750. Petitioner requested that the lawyer contact petitioner's family, who had hired him in the first place. Counsel promised to do so. Thereafter petitioner had no further conversations with his attorney.

The attorney conferred with petitioner's father and one of his sisters and told them they had to decide within 10 days whether they wished to finance the appeal. Four or five days later, and well within the crucial 10-day period specified in rule 31(a), counsel was informed that petitioner's family could not finance the appeal. Counsel did not notify petitioner of this development, nor did he explain to petitioner nor to the family how to file a notice of appeal in propria persona. He did not inform petitioner nor the family of an indigent's right to appointed counsel on appeal.

Petitioner was first sent to Chino, then to Vacaville, and ultimately to the state prison at Soledad, where he is now incarcerated. He at once began asking fellow inmates if they knew how he could obtain relief. Eventually a prisoner offered to help petitioner, and together they drafted the rule 31(a) petition which was dispatched to the Court of Appeal.

From these facts the referee concluded that peti-

tioner had, within 10 days after rendition of judgment, requested his trial counsel to perfect an appeal, that counsel had taken no steps thereafter to assist petitioner in having a notice of appeal filed, and that petitioner was not estopped by his five-month delay in seeking relief to raise the point at this time. Such findings, although not binding on this court, are given great weight. (*In re Thornton,* 64 Cal.2d 484, 485 [50 Cal.Rptr. 556, 413 P.2d 156] ; *People* v. *Hatten,* 64 Cal.2d 224, 226 [49 Cal.Rptr. 373, 411 P.2d 101] ; *People* v. *Garcia,* 63 Cal.2d 265, 268 [46 Cal.Rptr. 324, 405 P.2d 148].) When the referee's findings are supported by credible evidence, this court will ordinarily adopt them as its own. (*People* v. *Ruch, supra,* 65 Cal.2d 138, 143.) We do so in this case.

 It is now settled law that if within 10 days after rendition of judgment the petitioner asks his trial counsel to appeal, he is entitled to relief from default in filing a notice of appeal. (*People* v. *Hatten, supra,* 64 Cal.2d 224, 225 ; *People* v. *Curry, supra,* 62 Cal.2d 207, 210.) Counsel is not, of course, obliged to prosecute the appeal himself. '' [B]ut where the defendant clearly indicates, as he did here, that he desires to appeal, the trial attorney is under a duty not to ignore that request. The trial attorney is under a duty either to file the notice of appeal, or to instruct the defendant as to the proper procedure, or to see that the defendant has counsel to do these things for him.'' (*People* v. *Diehl,* 62 Cal.2d 114, 118 [41 Cal.Rptr. 281, 396 P.2d 697], quoted in *People* v. *Madrid,* 62 Cal.2d 602, 603-604 [43 Cal.Rptr. 638, 400 P.2d 750].)

 In the instant case, trial counsel did none of these things. Beyond consulting with petitioner's family in regard to attorney's fees, counsel ignored petitioner's request, thus leaving petitioner without the "indispensable" protection of guidance of counsel during the "vital 10-day period" following judgment. (*People* v. *Tucker,* 61 Cal.2d 828, 832 [40 Cal.Rptr. 609, 395 P.2d 449].) Petitioner is therefore entitled to relief.

 The referee also correctly concluded that under the facts of this case petitioner is not estopped from obtaining relief by his five-month delay. (Compare *People* v. *Perrin,* 64 Cal.2d 487, 488-489 [50 Cal.Rptr. 538, 413 P.2d 138] ; *People* v. *Rapp, supra,* 64 Cal.2d 643, 646.) It should be noted that petitioner was a teenager with only a grammar school education and but a meagre knowledge of the English language, testifying through an interpreter in this proceeding. When he

was abandoned by his attorney he diligently sought to help himself in the only manner he knew—by asking assistance of fellow prisoners. Incarceration and ignorance may, in a proper case, explain a delay of less than one year. (*People* v. *Davis,* 62 Cal.2d 806, 809 [44 Cal.Rptr. 441, 402 P.2d 129].)

The record discloses that petitioner has not as yet transmitted a notice of appeal to the trial court. If he tenders such notice to the clerk of the Superior Court of Los Angeles County within 10 days after our judgment herein becomes final, the clerk is ordered to file it and thereafter to proceed with the preparation of the record on appeal. (*In re Notz,* *supra,* 62 Cal.2d 423, 426.) The application is granted.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.