[Crim. No. 10513.   In Bank.   Dec. 1, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. NORMAN ABRAMS, Defendant and Petitioner.

Norman Abrams, in pro. per., and Jay Plotkin, under appointment by the Supreme Court, for Defendant and Petitioner.

Thomas C. Lynch, Attorney General, and Jerome C. Utz, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—This is a petition for relief under rule 31(a) of the California Rules of Court.

The problem presented is purely factual. Petitioner alleged that immediately after sentence, and well within the 10 days in which to appeal, he mailed a communication to the trial judge which, while ambiguous, could reasonably be interpreted as a request to notify the clerk of the superior court that petitioner appealed. Had such a communication been in fact mailed, he would be entitled to the relief requested. It was alleged that this notice was "mailed" by enclosing it in a stamped envelope addressed to the judge and leaving it inserted in the cell bars in the usual place where mail was placed for collection.

To determine the truth of these allegations, we appointed the Honorable Thomas P. White, Retired Associate Justice of this court, as referee. Extensive hearings were held, at which petitioner testified and was represented by appointed counsel, and other witnesses were called. After a careful examination and analysis of the lengthy record, the referee found that "at no time while confined in the Santa Barbara County Jail prior to rendition of Judgment, nor within ten days thereafter did Defendant do anything to file a Notice of Appeal. That Defendant's sole and only concern in the event of his conviction was to obtain probation and the advantage afforded by the provisions of Section 1168 of the Penal Code." The referee also found that petitioner "is estopped and has waived his rights to move for a delayed appeal at this time."

These findings of the referee, although supported, are, of course, not binding upon us, but they are entitled to great weight. (*In re Notz*, 62 Cal.2d 423, 425 [42 Cal.Rptr. 321, 398 P.2d 593].)

Here the problem turned largely upon the credibility of

petitioner. He told a most detailed story that was not corroborated in any material degree. He testified that weeks before his trial he prepared and addressed a letter by name to Judge Churchill, the judge who later tried him, requesting that an appeal be filed. At the time this letter was supposedly prepared and addressed, Judge Churchill, who was not a Santa Barbara County judge, had not yet been assigned to sit in that county. Defendant testified that this letter was prepared in advance of his trial to be mailed only in the event of his conviction. There is no evidence that such a letter was ever received by the judge or the clerk.

Although he then had counsel, defendant did not inform him of this letter, nor did he request the lawyer to appeal. This letter, he stated, was stamped and addressed to the judge, and placed in the mailing slot between the bars of his cell just before he was transferred from the Santa Barbara County jail. He also stated that he had prepared the letter with the assistance and almost at the dictation of a cellmate, whom he named and described. This person was then confined in another state facility and was called as a witness. He unequivocally denied dictating or assisting in the preparation of the letter and in fact testified he knew nothing about such a letter.

The record also shows that for several months after his conviction defendant carried on an extensive correspondence with his counsel, who had been appointed to defend him prior to the time of the preliminary, and had again been appointed by the superior court to defend him at his trial. In that correspondence they talked about many things and once or twice casually mentioned the word "appeal," but that correspondence mainly dealt with the possibility of probation and the possible application of section 1168 of the Penal Code. Not once did defendant request his counsel to perfect an appeal, nor did he inform him that he had supposedly already appealed, nor did he ask any help on that claimed appeal, nor did he even tell the attorney that he had written to the judge. When the word "appeal" occurs in the correspondence, months after sentence, no mention at all is made of these relevant facts.

Under these circumstances we agree with the findings of the referee and adopt them as the findings of this court. We agree that the record overwhelmingly supports the finding that no notice of appeal was filed with the judge or clerk and that the

record also demonstrates that no request was made to counsel to appeal nor did counsel ever promise to appeal.

The requested relief is denied.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.