**Billy C. STILL, Appellant,**

v.

**C. J. FITZHARRIS, Superintendent Correctional Training Facility, Appellee.**

**No. 23090.**

United States Court of Appeals
Ninth Circuit.

May 29, 1969.

Billy C. Still, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murphy, Karl S. Mayer, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and POWELL,* District Judge.

Still appeals from a denial without an evidentiary hearing of his petition for a writ of habeas corpus. He did not appeal his 1964 state conviction for murder and robbery, and received a life sentence. He alleges his trial counsel told him he had no right of appeal and thus he was denied effective assistance of counsel.

On August 10, 1964, the California Court of Appeal denied appellant's petition under Rule 31(a), California Rules of Court, providing for relief from a late filing of a notice of appeal. Thereafter on February 3, 1965, the California Court of Appeal denied a petition for a writ of habeas corpus. On April 14, 1965, the California Supreme Court denied a petition for a writ of habeas corpus. Finally on June 20, 1966, the United States Supreme Court denied a petition for a writ of certiorari to the California Supreme Court, Still v. California, 384 U.S. 1016, 86 S.Ct. 1928, 16 L.Ed.2d 1038 (1966). On August 22, 1966, the California Supreme Court dismissed a petition for relief under Rule 31(a), supra. We have not been furnished a record containing either petition under Rule 31(a) or the state courts' orders so we are unable to judge the adequacy of the petition or the reasons for their rulings.

We note that Rule 31(a) speaks exclusively of the situation where a notice of appeal has been tendered for filing after time for appeal has elapsed. The language of the rule does not cover the situation where no notice of appeal is ever tendered nor the factual situation alleged by appellant below that his trial attorney erroneously told him he had no right of appeal.

The rule has been interpreted to allow relief where within the 10 day period for appeal, the defendant requests his attorney to appeal or the attorney promises to appeal and in either case the attorney fails to file the notice of appeal, People

---

* Hon. Charles L. Powell, Chief United States District Judge, Eastern District of Washington, sitting by designation.

v. Curry, 62 Cal.2d 207, 42 Cal.Rptr. 17, 397 P.2d 1009 (1965); but where there was neither a promise nor a request, and the trial attorney neither informed defendant of his right to appeal or of the procedures necessary to exercise the right, relief was denied under Rule 31(a) even though the defendant was ignorant of his rights. People v. Hatten, 64 Cal. 2d 224, 49 Cal.Rptr. 373, 411 P.2d 101 (1966). In People v. Abrams, 67 Cal.2d 821, 63 Cal.Rptr. 723, 433 P.2d 731 (1967) no notice of appeal was ever tendered for filing and relief under the rule was denied since there was no request by the defendant and no promise by counsel to file the notice of appeal. The amendment of Rule 31(a) on November 13, 1968 concerned the first paragraph of 31 (a) and does not solve the problem.[1]

The questions must be resolved as to whether appellant lost his right to appeal by waiver or by inadequate representation by his trial counsel; and as to whether Rule 31(a) provides a remedy in this factual situation. There is no showing that appellant raised these questions in the state courts. The questions should be resolved by the state court and if appellant is denied a late appeal, an adequate state record should be supplied to us if the case comes here again.

Appellant contended in the district court that he was prejudiced by the receipt into evidence of statements of a co-defendant. Subsequently there was decided Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) (per curiam), which made the *Bruton* holding retroactive in application. The state attorney general's office has suggested that the California state courts be given an opportunity to consider appellant's contention in light of *Bruton*. We will follow this suggestion.

The order of dismissal is vacated. Upon remand, the District Court will hold the proceedings in abeyance to afford appellant the opportunity, within sixty days, to request California's Court of Appeal to appoint counsel to represent him and, with the assistance of such counsel, to re-examine and determine the questions set forth above.[2] This will permit the California courts to have an opportunity to determine whether or not appellant's federal rights were infringed. If appellant does not initiate the additional state court proceedings, or if the state courts do not make the necessary determinations within such time as may seem reasonable to the District Court, or if further state court determinations are unfavorable to the appellant, then the District Court will reconsider the ap-

---

1. Calif. Rules of Court, Rule 31(a) (West-Supp., 1969):

   "(a) [Time of filing] In the cases provided by law, an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order. A notice of appeal filed prior to the time prescribed therefor is premature ,but may, in the discretion of the reviewing court for good cause, be treated as filed immediately after the rendition of the judgment or the making of the order.

   Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it "Received (date) but not filed" and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late." As amended, eff. Nov. 13, 1968.

2. Should California's appellate court be unable to make determinations without additional factual inquiry, it may, of course, follow such available California procedures as will afford to appellant an adequate hearing to resolve any factual dispute which is properly presented and which is material to a federal constitutional question.

pellant's petition according to the required procedure established in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Reversed and remanded with directions.